UNITED STATES DISTRICT COURT
FOR THE DISTRICT NEW JERSEY
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

NOV 12 2004

| | |
|---|---|
| John D. Horton<br>PO BOX 7<br>JOBSTOWN NJ 08041-0007<br>    Plaintiff,<br><br>v.<br><br>Ross University School of Medicine<br>499 THORNALL ST FL 10<br>EDISON NJ 08837-2235<br><br>Jorge Rios<br>499 THORNALL ST FL 10<br>EDISON NJ 08837-2235<br><br>Michelle Fried<br>499 THORNALL ST FL 10<br>EDISON NJ 08837-2235<br>    Defendants. | Civil Action No. 04-5658 (JAG)<br><br>EEOC Charge No. 170-2003-02552 |

## COMPLAINT

### A. PRELIMINARY STATEMENT

This case is brought pursuant to an EEOC "right to sue" letter, a copy of which is attached hereto, marked Exhibit A and incorporated herein by reference.

### B. JURISDICTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e(5). Equitable and other relief are also sought under 42 U.S.C. §§ 1331, 1343 and 42 U.S.C §§ 1981 et seq. Jurisdiction of

Complaint
Horton v. Ross University
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

- 1 -

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

employment discrimination based on age is conferred by 29 U.S.C. §§ 626(c)(1) and 626(e) and appropriate relief is also sought. The plaintiff invokes the pendant jurisdiction of this court to try cases arising under New Jersey state law.

## C. PARTIES

1. Name of the plaintiff: John D. Horton
   Present mailing address: PO BOX 7
   JOBSTOWN NJ  08041-0007

2. Name of the defendant: Ross University School of Medicine
   Present mailing address: 499 THORNALL ST FL 10
   EDISON NJ  08837-2235

3. Name of the defendant: Jorge Rios
   Present mailing address: 499 THORNALL ST FL 10
   EDISON NJ  08837-2235

4. Name of the defendant: Michelle Fried
   Present mailing address: 499 THORNALL ST FL 10
   EDISON NJ  08837-2235

## D. NATURE OF THE CASE

The plaintiff, John D. Horton, is an Hispanic minority male over the age of 40 years of age.

1. In January of 2003 the plaintiff participated in a telephone interview with Dr. Jorge Rios, Dean of Academic Affairs for the defendant, for the position of Library Director at the defendant's campus located on the Caribbean island country of Dominica. The position paid $70,000 per year.

2. At the conclusion of the telephone interview, Dr. Rios offered the plaintiff an in-person, all expenses paid trip to the Dominica campus to complete the interview process and the plaintiff accepted the offer and in consideration thereof

Complaint
Horton v. Ross University
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
50 WALNUT ST RM 4015
NEWARK NJ  07102-3595

- 2 -

John D. Horton
PO BOX 7
JOBSTOWN NJ  08041-0007

plaintiff cleared his schedule so as to be available for the trip which was scheduled for the first week of February, 2003. In detrimental reliance on the offer, acceptance and consideration for the interview trip to Dominica, the plaintiff declined an offer to interview for a Library Director position with a community college in the Seattle, Washington which also paid $70,000 / year.

3. The defendant booked a flight for the plaintiff and made all other necessary travel arrangements for the plaintiff's trip to Dominica for the first Saturday of February 2003.

4. The day before the scheduled trip the defendant backed out of the trip saying that it was financially over extended for the travel budget for that month but that the trip would be rebooked as soon as possible in the next month or two.

5. Then commenced a period in which the defendant studiedly ignored the plaintiff. During the period of February – May 2003, the defendant failed to respond to any of the plaintiff's requests for further information regarding the travel date.

6. During the Summer of 2003 the plaintiff physically visited the offices of the defendant in Edison since the defendant refused to communicate with the plaintiff via telephone, email or the U.S. Postal Service. The defendant continued to refuse to communicate with the plaintiff and refused the plaintiff's request for an appointment. The plaintiff, because he was an Hispanic minority male over the age of 40, was threatened with being lynched by the defendant's Gestapo/Security Unit if he did not stop bothering the lily white females at the

Complaint
Horton v. Ross University
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

- 3 -

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

defendant's Edison office with the plaintiff's request for information regarding his candidacy for the Library Director position. In August of 2003, the plaintiff received a letter stating that his candidacy had been terminated.

### E.   CAUSES OF ACTION

7. First cause of action. Paragraphs 1 through 6 are incorporated herein by reference. By its actions of jerking the plaintiff around in the defendant's application and interview process because the plaintiff is an Hispanic minority male over the age of 40 years, the defendant (Ross University School of Medicine) has violated the provisions of Title VII of the Civil Right Act of 1964 and the Age Discrimination Act by treating the plaintiff differently in the application and interview process than would a similarly situated white, female, under the age of 40 applicant. A similarly situated white, female, under the age of 40 applicant would have been able to complete the interview process and take her trip to Dominica as promised.

8. Second cause of action. Paragraphs 1 through 7 are incorporated herein by reference. Under the common law, statutes and Uniform Commercial Code of New Jersey the defendant (Ross University School of Medicine) is charged with breach of contract for failing to complete the provisions of the contract for the interview.

9. Third cause of action. Paragraphs 1 through 8 are incorporated herein by reference. Under the common law, statutes and Uniform Commercial Code of New Jersey the defendants (Ross University School of Medicine, Rios and Fried)

Complaint
Horton v. Ross University
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

- 4 -

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

are charged with fraudulent concealment for failing to properly, adequately and timely disclose their decision to breach the contract.

10. Fourth cause of action. Paragraphs 1 through 9 are incorporated herein by reference. Under the common law, statutes and Uniform Commercial Code of New Jersey the defendants (Ross University School of Medicine, Rios and Fried) are charged with fraudulent inducement by providing the plaintiff with an interview date which caused the plaintiff to decline his offer of an interview for a library director position at a Seattle area community college.

11. Fifth cause of action. Paragraphs 1 through 10 are incorporated herein by reference. Under the common law, statutes and Uniform Commercial Code of New Jersey the defendant (Fried) is charged with the tortuous interference with a contractual and business relationship for her telling Rios to breach the contract because she did not like the plaintiff because he was an Hispanic minority male over the age of 40 years and she wanted a white female hired for the position.

### F. INJURY

12. The plaintiff was denied the opportunity to interview for the position with Ross at their Dominica campus. The plaintiff would have been hired for the position but for the wrongful actions of Fried. The plaintiff declined the opportunity to interview for a library director position with a Seattle WA area community college in detrimental reliance on the interview contract which the defendant breached and would have been hired for that position. The plaintiff was gravely humiliated in not being treated like other applicants for employment.

Complaint
Horton v. Ross University
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

- 5 -

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

The plaintiff's civil rights under Title VII and the Age Discrimination Act were violated by the defendants.

## G. REQUEST FOR RELIEF

13. The plaintiff requests any and all just and equitable relief that this court can provide.

## H. REQUEST FOR A JURY

14. The plaintiff requests a jury trial on all issues triable by a jury.

## DECLARATION UNDER PENALTY OF PERJURY

15. The undersigned declares under penalty of perjury that he is the plaintiff in the above action, and that he has read the above complaint and that the information contained therein is true and correct.

DATED: November 9, 2004

John D. Horton

Complaint
Horton v. Ross University
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

- 6 -

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

EEOC Form 161P (10/96)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Mr. John D. Horton<br>P.O. Box 7<br>Jobstown, NJ 08041 | From: Equal Employment Opportunity Commission<br>Philadelphia District Office<br>The Bourse<br>21 S. Fifth Street, Suite 400<br>Philadelphia, PA 19106-2515    NOV 12 2004 |
|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2003-02552 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Marie M. Tomasso, District Director      August 30, 2004 *(Date Mailed)*

Enclosure(s)

cc: Ross University School of Medicine
     John H. Schmidt, Jr., Esquire (For Respondent)

Ex. A