**LINDABURY, MCCORMICK & ESTABROOK**
53 Cardinal Drive
P.O. Box 2369
Westfield, N.J. 07091
(908) 233-6800
Attorneys For Defendant
JHS-1451

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| JOHN HORTON | : CIVIL ACTION NO.:04-5658 (JAG) |
| Plaintiff, | : |
| -vs- | : **ANSWER TO COMPLAINT** |
| ROSS UNIVERSITY SCHOOL OF MEDICINE, JORGE RIOS and MICHELLE FRIED | : |
| Defendants. | : |

_____

Defendants by way of Answer to the Complaint say:

### A. PRELIMINARY STATEMENT

Defendants deny the allegations contained within the Preliminary Statement.

### B. JURISDICTION

Defendants deny that jurisdiction is conferred upon the Court by the statutes cited; defendants deny that the Plaintiff is entitled to equitable or other relief under the statutes cited; defendants deny the remaining allegations contained within Section B of the Complaint.

302449v1

PARTIES

Defendants have insufficient knowledge to admit or deny the allegations concerning the address of the Plaintiff, and therefore deny same. Defendants admit the allegations regarding the business address of Defendants Ross University School of Medicine and Michelle Fried; they deny the remaining allegations in this Section of the Complaint.

NATURE OF THE CASE

Defendants have insufficient knowledge to admit or deny that Plaintiff is an Hispanic male over the age of 40 years of age, and therefore deny same.

1. Defendants admit that they advertised that the position of Medical Library Director would pay a salary range of $70,000 per year; defendants deny the remaining allegations contained within paragraph 1 of the Nature of the Case section of the Complaint.

2. Defendants deny the allegations contained within paragraph 2 of the Nature of the Case section of the Complaint.

3 Defendants admit that it made flight reservations for the plaintiff; they deny the remaining allegations contained within paragraph 3 of the Nature of the Case section of the Complaint.

4. Defendants deny the allegations contained within paragraph 4 of the Nature of the Case section of the Complaint.

5. Defendants deny the allegations contained within paragraph 5 of the Nature of the Case section of the Complaint.

302449v1

6. Defendant admits that in August 2003, the plaintiff visited the defendant's office in Edison, NJ on several occasions , and that in August 2003, the defendant notified the plaintiff that he was no longer being considered  the position of Medical Library Director; Defendants deny the remaining allegations contained within paragraph 6 of the Complaint.

## CAUSES OF ACTION

7. Defendant denies the allegations contained within paragraph 7 of the Causes of Action section of the Complaint.

8. Defendants deny the allegations contained within paragraph 8 of the Causes of Action section of the Complaint.

9. Defendants deny the allegations contained within paragraph 9 of the Causes of Action section of the Complaint.

10. Defendants deny the allegations contained within paragraph 10 of the Causes of Action section of the Complaint.

11. Defendants deny the allegations contained within paragraph 11 of the Causes of Action section of the Complaint.

## INJURY.

12 Defendants deny that Plaintiff was denied the opportunity to interview for the position of Medical Library Director and/or would otherwise have been hired for that position. Defendants have insufficient knowledge to admit or deny the remaining allegations contained within paragraph 12  of the Injury section of the Complaint.

302449v1

## REQUEST FOR RELIEF

13.     Defendants deny the allegations contained within paragraph 13 of the Injury section of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to properly mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

Defendant Ross University School of Medicine had legitimate business reasons for not interviewing the plaintiff that were unrelated to his age or minority status.

## FOURTH AFFIRMATIVE DEFENSE

Defendants had legitimate business reasons for not offering the Plaintiff employment with Ross University School of Medicine.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches and unclean hands.

302449v1

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff was not qualified for the Medical Library Director position.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant hired an employee for the Medical Library Director position that was within the Plaintiff's protected age class.

                                                                Lindabury, McCormick & Estabrook
                                                                   Attorneys for defendants

                                                          *s/John H. Schmidt, Jr.*
                                                            John H. Schmidt, Jr.

Dated: December 22, 2004

## CERTIFICATION PURSUANT TO FED. R. CIV. PRO. 12

I hereby certify that the within Answer to Complaint was filed within the time provided by Fed. R. Civ. Pro. 12.

                                                          *s/John H. Schmidt, Jr.*
                                                            John H. Schmidt, Jr.

Dated: December 22, 2004

CERTIFICATION OF FILING AND SERVICE

I certify that the original and one copy of the within Answer was mailed for filing with the Clerk of the United States District Court for the District of New Jersey, at the Martin Luther King, Jr. Federal Building and Courthouse, 50 Walnut Street, P.O. Box 999, Newark, New Jersey 07101-0999 by regular first class mail, postage prepaid, within the time provided by Fed. R. Civ. Pro. 15.

I further certify that a true copy of the within Answer was mailed to John Horton, at P.O. Box 7, Jobstown, NJ 08041 by regular first class mail, postage prepaid on this date.

_s/John H. Schmidt, Jr._
John H. Schmidt, Jr.

Dated: December 22, 2004

302449v1