**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT NEW JERSEY**
**50 WALNUT ST RM 4015**
**NEWARK NJ 07102-3595**

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 JUN 29 P 3: 39

| | |
|---|---|
| John D. Horton<br>    Plaintiff,<br><br>      v.<br><br>Ross University School of Medicine<br>  et al.<br>      Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.  04-5658 (JAG)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO QUASH OR MODIFY**
**DEFENDANT'S SUBPOENA DUCES TECUM**
**SERVED ON THE U.S. DEPARTMENT OF VETERANS AFFAIRS**

COMES NOW the plaintiff in the above entitled case and moves this court for an order quashing the subpoena of the defendant which he is attempting to serve on the U.S. Department of Veterans Affairs acting through the U.S. Veterans Administration Medical Center located in Philadelphia, Pennyslvania.

AND IN SUPPORT thereof the plaintiff shows:

1. The defendant has requested a copy of the plaintiff's "Official Personnel Folder" from the U.S. Veterans Administration Medical Center located in Philadelphia, Pennsylvania.

2. The plaintiff's official personnel folder runs upwards of 1,200 pages due primarily to the fact that the plaintiff applied for several federal positions which required a top secret security clearance.

Plaintiff's M to Quash D Subpoena on the VA
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ  07102-3595

**- 1 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

3. The U.S. Office of Personnel Management acting through its Federal Investigations Service has conducted a Single Scope Background Investigation pursuant to the plaintiff applying for several position which required a top secret security clearance in 2002 which resulted in the compilation of approximately 1,200 pages of data on the plaintiff which was merged and commingled with the plaintiff federal official personnel folder.

4. The defendant has made no showing as to exactly what information he is seeking and the release of the entire official personnel folder would violate the Privacy Act.[1]

### Motion to Quash or Modify a Subpoena

5. The most basic of the protections made available to a person subject to a subpoena, to avoid its misuse, is the right to seek quashal or modification of that subpoena.[2]  Under FRCP 45(c)(3)(A), the court, upon a motion made in a timely manner, is required to quash or modify the subpoena if its defects fall within those grounds specified in the rule.  Further, if the subpoena requires disclosures or travel deemed inappropriate under FRCP 45(c)(3)(B), the court may quash or modify the subpoena or prescribe other protections for the persons subject to the subpoena.  Thus, the court is not limited to the remedy of quashing the subpoena, buy may also modify it so as to remove its objectionable features.[3]

---

[1] 5 U.S.C.

[2] Notes of Advisory Committee on December 1991 Amendments to Federal Rules of Civil Procedure, FRCP 45.

[3] Ghandi v. Police Dept. of Detroit, 74 F.R.D. 115 (E.D. Mich. 1977).

Plaintiff's M to Quash D Subpoena on the VA
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

**- 2 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

6. To ensure that persons subject to subpoenas are aware of and use this, and other protections, every subpoena must contain the language of FRCP 45(c) and (d) describing the various protections available to a person subject to a subpoena.[4] In the instant case, the defendant (Ross) has failed to comply with this requirement. Even where a subpoena contains the required informative language, it may not be proper for an attorney or party issuing or serving a subpoena to inform the responding person that compliance may be made under terms not authorized by FRCP 45. For example, an attorney's ex parte communication to the recipient of a subpoena that the person must either appear and produce the required materials on the date stated in the subpoena or that the person may provide the required materials before that time is improper, since it deprive the opposing party of an opportunity to take advantage of the protections of FRCP 45 by moving to quash or modify the subpoena.[5]

7. A witness may not disregard a subpoena that he has not challenged by a motion to quash,[6] or to which he has not filed timely written objections,[7] for the power to dispense with the command of a subpoena rests with the court alone.[8] However, the witness may refuse to comply with a subpoena until the motion to quash has been ruled upon.[9]

---

[4] FRCP 45(a)(1)(D).

[5] Mann v. University of Concinnati, 824 F. Supp. 1190 (S.D. Ohio 1993).

[6] Ghand, Supra.

[7] FRCP 45(c)(2)(B).

[8] Haney v. Woodward &Lothrop, Inc., 330 F.2d 940 (4th Cir. 1964).

[9] Shawmut, Inc. v. American Viscose Corp., 11 F.R.D. 652 (D.C. NY 1951), Ghandi, Supra.

Plaintiff's M to Quash D Subpoena on the VA
Horton v. Ross University, # 04-5658 (JAG)          ▬ 3 ▬          John D. Horton
United States District Court                                                  PO BOX 7
for the District Of New Jersey                                    JOBSTOWN NJ 08041-0007
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

## Burden of Establishing Right to Quashal or Modification

8.  The burden of showing that a subpoena is subject to quashal or modification under F.R.C.P. 45(c)(3) is upon the person to whom it is directed,[10] or upon the person moving for relief on these grounds.[11]

## Standing to Attack a Subpoena

9.  A motion to quash or modify a subpoena under F.R.C.P. 45 (c)(3) or for a protective order under F.R.C.P. 26 may ordinarily be made only to the person to whom the subpoena is directed, because only that person has standing to attack the subpoena.[12] However, a party, although not the person to whom the subpoena is directed, nor in possession or control of the required materials, does have such standing if he has a personal right or privilege in respect to the subject matter of the subpoena,[13] or a sufficient interest in it, such as where he wishes to preserve the effectiveness of protective orders issued by another federal court and covering the same documents.[14] In the instant case the documents sought include the plaintiff's Single Scope Background Investigation which is outside the scope of the subpoena.

---

[10] Horizon Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961).

[11] Westinghouse Electric Corp. v. Burlington, 351 F.2d 762 (D.C. App. 1965); United States v. 25.02 Acres of Land, 495 F.2d 1398 (10th Cir. 1974); Broadcort Capital Corp. v. Flagler Sec., 149 F.R.D. 626 (D.C. Colo. 1993).

[12] Shepherd v. Castle, 20 F.R.D. 184 (D.C. Mo. 1957); Taylor v. Litton Medical Products, Inc., 19 F.R. Serv. 2d 1190 (D.C. Mass. 1975).

[13] Dart Industries, Inc. v. Liquid Nitrogen Processing Corp., 50 F.R.D. 286 (DC Del. 1970).

[14] Dart, Id.

Plaintiff's M to Quash D Subpoena on the VA
Horton v. Ross University, # 04-5658 (JAG)      **- 4 -**      John D. Horton
United States District Court                                   PO BOX 7
for the District Of New Jersey                                 JOBSTOWN NJ 08041-0007
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

### Grounds for Quashal or Modification

10. The basis for quashal or modification of a subpoena is laid out with particularity in F.R.C.P. 45(c)(3). This paragraph explicitly authorizes the court to quash a subpoena as a means of protecting a witness from the misuse of the subpoena power and tracks the provisions of F.R.C.P. 26(c).[15] The grounds for quashing or modifying a subpoena are required to be stated on the subpoena itself, providing the person responding to the subpoena with a clear statement of available protections as well as the applicable duties.[16]

### Mandatory Quashal or Modification
### Privilege or Undue Burden

11. If a subpoena requires disclosure of privileged or other protected matter and no exception to waiver applies, then the court must quash or modify the subpoena.[17]

12. A subpoena which subjects a person to undue burden must be quashed or modified.[18] In the instant case the plaintiff's Official Personnel Folder is 1,200 pages long. This broad provision requires the court to protect all persons from undue burden which may result from the use of the subpoena power.[19] That a subpoena is limited and specific in its directive supports a conclusion that it does not impose undue burden.[20]

---

[15] Notes of Advisory Committee on December 1991 Amendments to Federal Rules of Civil Procedure, FRCP 45.
[16] FRCP 45(a)(1)(D).
[17] FRCP 45(c)(3)(A)(iii).
[18] FRCP 45(c)(3)(A)(iv).
[19] Exxon Shipping Co. v. United States Dept. of Interior, 34 F.3d 774 (9th Cir. 1994).
[20] Diamond State Ins. Co. v. Rebel Oil Co., 157 F.R.D. 691 (D.C. Nev. 1994).

Plaintiff's M to Quash D Subpoena on the VA
Horton v. Ross University, # 04-5658 (JAG)         **- 5 -**
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

**Are the Subpoenaed Materials Relevant to the Pending Action?**

13. When determining whether a subpoena imposes undue burden and expense on the person to whom it is directed, courts may consider whether the materials or things requested are relevant to the subject matter of the action or to the investigation being pursued.[21] Where a nonparty witness can show that he or she has no relevant information on which he or she can testify, so that attendance would be a waste of time, the court may exercise its discretion to not require attendance, after hearing the position of the party serving the subpoena.[22] However, even if the materials are relevant, this alone may not overcome a determination that the request imposes an undue burden and expense.[23]

14. In ruling on a motion to quash or modify a subpoena duces tecum, courts will consider the relevancy of the documents sought rather than their admissibility in evidence.[24] The subpoena may only seek information relevant to

---

[21] Dart, Supra.; Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enters., 160 F.R.D. 70 (ED Pa. 1995).

[22] Overholser v. De Marcos, 149 F.2d 23 (DC App. 1945); Moffett v. Arabian American Oil Co., 8 F.R.D. 566 (DC N.Y. 1948).

[23] Ghandi, Supra.; United States v. American Tel. & Tel. Co., 461 F. Supp. 1314 (DC Dist Col. 1978).

[24] United States v. International Business Machines Corp., 83 F.R.D. 97 (SD N.Y. 1979); United States v. E. I, Du Pont De Nemours & Co., 14 F.R.D. 341 (DC Ill. 1953); Hecht v. Pro-Football, Inc., 46 F.R.D. 605 (D.C. Dist. Col. 1969); Democratic National Committee v. McCord, 356 F. Supp. 1394 (DC Dist. Col. 1973).

Plaintiff's M to Quash D Subpoena on the VA
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

**- 6 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

the pending action, not simply that which is of interest to the party serving the subpoena.[25]

15. While F.R.C.P. 45(c) contains no explicit statement that the materials requested thereunder to relevant, this factor was and is read into this subdivision. Many courts simply find relevance to be a factor to consider in determining whether a subpoena duces tecum imposes "undue burden and expense" under F.R.CP. 45(c), or that relevance is a component of the reasonableness requirement of the Fourth Amendment which applies to the use of subpoenas duces tecum. However, prior to the 1970 amendments to F.R.C.P. 34 which eliminated its "good cause" requirement, some courts found a relevance requirement in F.R.C.P. 45 because they read "good cause" to apply to F.R.C.P. 45 subpoenas duces tecum, and then equated good cause with relevance.[26] Other courts did not equate good cause with relevance,[27] reasoning that this standard was already imposed by F.R.C.P. 26(b).[28] The purpose of eliminating good cause from F.R.C.P. 34 was to liberalize permissible discovery under that Rule,[29] and replace good cause with the test of relevance to the subject matter of the pending action under F.R.C.P. 26(b).[30] Under the relevance standard of F.R.C.P. 26(b), a motion to quash a subpoena in aid of a deposition

---

[25] Ghandi, Supra.

[26] See, for example, Connecticut Mut. Life Ins. Co v. Shields, 17 F.R.D. 273 (D.C. NY 1955),

[27] Guilford Nat. Bank v. Southern R. Co., 297 F.2d 921 (4th Cir. 1962); Freeman v. Seligson, 132 App. D.C. 56, 405 F.2d 1326 (1968).

[28] Guilford, Supra.

[29] Galambus v. Consolidated Freightways Corp., 64 F.R.D. 468 (D.C. Ind. 1974).

[30] White v. Jaegerman, 51 F.R.D. 161 (SD N.Y. 1970).

Plaintiff's M to Quash D Subpoena on the VA
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

- 7 -

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

on the ground that the documents it seeks are irrelevant will be denied unless it is clear that the materials sought can have no possible bearing upon the issues.[31]

### Are the Subpoenaed Materials Specified with Reasonable Particularity?

16. Another factor which may be considered in determining whether a subpoena imposes undue burden or expense is whether the materials or things requested are specified with reasonable particularity.[32]

17. Reasonable particularity is desired so that the person served with the subpoena has an opportunity to determine whether he or she has any valid objections to comply with the various requests,[33] and also because vague or duplicative demands may cause confusion and disarray in responding to the subpoena.[34] In the instant case the plaintiff's federal Official Personnel Folder runs to 1,200 pages all of which may not be needed by the defendant.

### Is the Subpoena Overly Broad in its Scope?

18. While the scope of a subpoena duces tecum is very broad,[35] it may impose undue burden or expense and hence may be subject to quashal or modification when it is out of proportion to the end sought, as when the person served must fetch all his books at once to do an exploratory investigation whose purposes and limits can be determined only as it proceeds,[36] so broad and

---

[31] Dart, Supra.;

[32] Re Grand Jury Subpoena Duces Tecum, etc., 203 F. Supp. 575 (SD N.Y. 1961); Application of General Motors Corp., 213 F. Supp. 255 (SD N.Y. 1961).

[33] General Motors, Id.

[34] International Business Machines, Supra.

[35] Miller v. Sun Chemical Corp., 12 F.R.D. 181 (DC N.J. 1952).

[36] Application of Harry Alexander, Inc., 8 F.R.D. 599 (DC N.Y. 1949); International Business Machines, Supra.

Plaintiff's M to Quash D Subpoena on the VA
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

- 8 -

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

sweeping as to compel deliverance of practically all of an individual's or firm's papers for an indefinite period of time,[37] or requests such a huge quanity of materials that only a person of incredible competence and capacity could contain or absorb any significant fraction of it over a long time.[38]  Hence, a subpoena of "any and all" books of a corporation is overbroad.[39]

19.  One court has stated that the factor of a subpoena being overly broad is but a restatement of the proposition that to the extent a subpoena so sweepingly pursues material with little apparent or likely relevance or need, it runs the greater risk of being found to impose undue burden or expense.[40]  Even if there is a demonstrated need for apportion of the materials sought by a subpoena, the fact that it is overly broad will support quashal of the subpoena. This may be so particularly where the burden on the responding party will be substantial.[41]

### How Great is the Need for the Requested Materials?

20.  In making a determination of whether a subpoena duces tecum imposes undue burden or expense under F.R.C.P. 45(c), the courts may consider the need of the serving party for the materials designated therein.[42]

---

[37] Re United Shoe Machinery Corp., 6 F.R.D. 347 (D.C. Mass. 1947); Schwimmer v. United States, 232 F.2d 855 (8th Cir. 1956).

[38] Harry Alexander, Supra.

[39] 403-411 East 65th Street Corp. v. Ford Motor Co., 27 F. Supp. 37 (DC N.Y. 1939).

[40] International Business Machine, Supra.

[41] Moore v. Armour Pharmaceutical Co., 927 F.2d 1194 (11th Cir. 1991) (subpoena of employee of agency was properly quashed where the subpoena was broad and agency had adopted policy of declining to respond to subpoenas because of the high volume of similar requests and government neutrality on issues).

[42] Application of Linen Supply Cos., 15 F.R.D. 115 (DC N.Y. 1953); International Business Machines, Supra.

Plaintiff's M to Quash D Subpoena on the VA
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

- 9 -

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

**The "Privacy Act" and Disclosures "Pursuant to the Order of a Court of Competent Jurisdiction"**

21.  This exception to the Privacy Act[43] sometimes arises in litigation, though the inquiry can be fairly straight forward if one is dealing with an order signed by a judge.[44]  One issue to note involving this exception is exactly what is a proper "order" compelling disclosure.  It has been held that a subpoena routinely signed by the clerk of the court is not a proper order under this exception.[45]  Also, the question has arisen as to what standard a judge should apply when considering a request to a federal agency to order disclosure of certain records.  In one case an insurance company moved the trial court to enter an order compelling the Social Security Administration to testify as to when the plaintiff's Social Security benefits had been terminated.  The trial court denied the request, and the court of appeals upheld that decision.  The appellate court stated that when confronted with such requests, a trial court should balance the need for the disclosure against the potential harm to the subject of that disclosure.[46]

22.  The (b)(11) exception was invoked in a fairly unusual setting in *Mason v. South Bend Community School Corp.*,[47] where the defendant in a private suit subpoenaed the plaintiff's Social Security records from the Social Security Administration, which refused to comply with the subpoena.  The

---

[43] 5 U.S.C.

[44] Bosaw v. National Treasury Employees' Union, 887 F. Supp. 1199 (S.D. Ind. 1995).

[45] Doe v. DiGenova, 779 F.2d 74 (D.C. Cir. 1985);  Stiles v. Atlanta Gas Light Co., 453 F. Supp. 798, 800 (N.D. Ga. 1978).

[46] Parry v. State Farm Life & Cas, Co., 734 F.2d 1441 (11th Cir. 1984).

[47] Mason v. South Bend Community School Corp., 990 F. Supp. 1096 (N.D. Ind. 1997).

Plaintiff's M to Quash D Subpoena on the VA
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

**- 10 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

defendant argued that the (b)(11) exception required the agency to comply, but the trial court disagreed. After noting the general rule that an agency must comply with subpoenas, the court noted that the Social Security Administration operates under rules that limit disclosure in response to a court order to certain circumstances (e.g., if the agency is a party in the suit, or if disclosure is necessary for due process in a criminal proceeding). The court reasoned that the Social Security Administration was therefore not free to comply with the defendant's subpoena and that any request for access should be directed to the agency for processing in accordance with agency regulations. In the instant case, the Veterans Administration operates under rules parallel to those of the Social Security Administration.

## PRAYER

WHEREFORE, the plaintiff prays that the defendant's subpoena be quashed or modified so as to give the Veterans Administration some idea of what information is being sought and its relevance to the pending case.

DATED: June 18, 2005

John D. Horton

Plaintiff's M to Quash D Subpoena on the VA
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

**- 11 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing paper was mailed via United States Postal Service First Class mail, postage prepaid, on the date indicated below to the addressees listed below.

John H. Schmidt
PO BOX 2369
WESTFIELD NJ 07091-2369

Jesse Pipkins
Office of Regional Counsel
Department of Veterans Affairs
3900 WOODLAND AVE
PHILADELPHIA PA 19104-4551

DATED: June 18, 2005

John D. Horton

Plaintiff's M to Quash D Subpoena on the VA
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ  07102-3595

**- 12 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ  08041-0007

RECEIVED-CLERK
U.S. DISTRICT COURT
2005 JUN 29  P 3: 39