# EXHIBIT 4

Westlaw.

122 Fed.Appx. 507                                                                                    Page 1

122 Fed.Appx. 507, 2005 WL 352602 (Fed.Cir.)

(Cite as: 122 Fed.Appx. 507, 2005 WL 352602 (Fed.Cir.))

---

H

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

NOTE: Pursuant to Fed.Cir.R. 47.6, this order is not citable as precedent. It is public record.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Federal Circuit Rule 47.6. (FIND CTAF Rule 47.6.)

United States Court of Appeals,
Federal Circuit.
**John D. HORTON, Petitioner,**
v.
MERIT SYSTEMS PROTECTION BOARD,
Respondent.
**No. 04-3235.**

Feb. 14, 2005.
Rehearing En Banc Denied March 28, 2005.

**Background:** Former federal employee sought judicial review of decision in which Merit Systems Protection Board (MSPB) dismissed former employee's appeal challenging his removal for lack of jurisdiction.

**Holdings:** The Court of Appeals held that:
(1) MSPB lacked jurisdiction over appeal, and
(2) former employee could not appeal on grounds that termination was not effected in accordance with procedural requirements.
Affirmed.

West Headnotes

[1] Officers and Public Employees ⬅72.24
283k72.24 Most Cited Cases

Merit Systems Protection Board (MSPB) lacked jurisdiction over appeal in which former federal employee challenged his removal based on his post-appointment conduct of falsely declaring that he had not been convicted within past 10 years, inasmuch as claim that agency improperly relied upon former employee's vacated convictions as basis for his termination was not one of limited circumstances that would confer jurisdiction to MSPB in light of former employee's probationary status, and given that representation regarding lack of conviction was untrue when made; even though convictions were later vacated. 5 C.F.R. § 315.806(b).

[2] Officers and Public Employees ⬅69.6
283k69.6 Most Cited Cases
Post-employment conduct that led to probationary employee's termination, providing false information on his declaration of federal employment, was not condition arising before employee's appointment to federal position, precluding employee's appeal on grounds that termination was not effected in accordance with procedural requirements, notwithstanding employee's contention that agency had to consider his subsequently vacated preappointment convictions to determine whether he had falsified his declaration. 5 C.F.R. §§ 315.805, 315.806(c).
*507 Before MICHEL, Chief Judge, LOURIE and PROST, Circuit Judges.

PER CURIAM.

**\*\*1** John D. Horton appeals from the final decision of the Merit Systems Protection Board. *Horton v. Dep't of the Army,* 96 M.S.P.R. 116 (2004) ( *"Final Order"* ). We *affirm.*

*508 BACKGROUND
John D. Horton was hired on a career-conditional appointment to the position of librarian in Fort Belvoir, Virginia, effective June 30, 2003. *Horton*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

122 Fed.Appx. 507

122 Fed.Appx. 507, 2005 WL 352602 (Fed.Cir.)

**(Cite as: 122 Fed.Appx. 507, 2005 WL 352602 (Fed.Cir.))**

*v. Dep't of the Army,* No. DC-315H-03-0662-I-1 (M.S.P.B. Aug.21, 2003) *("Initial Decision"* ). On July 8, 2003, Horton was removed from his position because he had provided false information on a "Declaration of Federal Employment." On the declaration, executed June 30, 2003, Horton claimed that he had not been convicted during the last 10 years, even though, at the time of his declaration, he was found guilty of destroying government property and resisting, delaying, or obstructing a police officer. [FN1] On July 10, 2003, he timely appealed his removal to the Merit Systems Protection Board.

> FN1. On August 14, 2003, an appellate court vacated and remanded all of the convictions because the case was originally tried before a magistrate judge without Horton's consent. When the case returned to the district court, the government moved to dismiss the indictment with prejudice, and the court granted that motion.

The Administrative Judge ("AJ") dismissed Horton's appeal for lack of jurisdiction. The dismissal was based on the finding that Horton was a probationary employee. *Initial Decision,* slip op. at 3. According to the AJ, "[p]robationary employees who have less than one year of continuous service have limited rights of appeal to the Board," and Horton's appeal did not fit into the specific circumstances that would have given the Board jurisdiction. *Id.*

Horton argued to the AJ that he was not a probationary employee. Instead, he sought classification as a "tenured, competitive service employee" having broader rights of appeal to the Board. Horton also contended that he was hired through reinstatement procedures which did not require a new probationary period. Finally, Horton argued that because he was terminated for preappointment reasons, he was entitled to the termination procedure set forth in 5 C.F.R. § 315.805, and that the agency's denial of that procedure gave him a right of appeal to the Board.

Horton's arguments did not persuade the AJ, who instead found that "it was beyond cavil that the appellant was terminated for post-appointment reasons." *Id.,* slip op. at 4. The AJ noted that Horton was terminated for falsification of documents that he completed after he was appointed librarian, and thus, the agency was not required to provide the termination procedure under 5 C.F.R. § 315.805. The AJ also determined that Horton's prior employment with the IRS in 1998 and 1989 did not qualify him as a "tenured, competitive service employee" because he had not served three years of "substantially continuous creditable service" pursuant to 5 C.F.R. § 315.201(a). Moreover, the AJ did not consider Horton's prior employment with the IRS to be "current continuous service" for the purpose of giving Horton "employee" status under 5 U.S.C. § 7511(a)(1)(A)(ii). Relying on 5 C.F.R. § 315.801(a), the AJ also concluded that because Horton was appointed from a competitive list of eligibles, he was required to serve a probationary period. Finally, the AJ found nothing in the record to support Horton's contention that he was hired through reinstatement procedures or that he met the requirements for reinstatement eligibility under 5 C.F.R. § 315.401.

**\*\*2** Horton petitioned the full Board for review of the Initial Decision. Concluding that there was no new, previously unavailable evidence and that the AJ made no error in law or regulation that affected the outcome of the appeal, the Board denied **\*509** Horton's petition, rendering the Initial Decision final. *Final Order,* slip op. at 1-2.

Horton timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Congress has expressly limited the scope of our review in an appeal from the Board. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Ellison v. Merit Sys. Prot. Bd.,* 7 F.3d 1031, 1034

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

122 Fed.Appx. 507

122 Fed.Appx. 507, 2005 WL 352602 (Fed.Cir.)

**(Cite as: 122 Fed.Appx. 507, 2005 WL 352602 (Fed.Cir.))**

(Fed.Cir.1993). "Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Jacobs v. Dep't of Justice,* 35 F.3d 1543, 1546 (Fed.Cir.1994) (quoting *Consol. Edison Co. of N.Y. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Moreover, the Supreme Court has explained that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n,* 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966).

[1] "The Board's jurisdiction is ... limited to those matters over which it has been given jurisdiction by statute or regulation." *Initial Decision,* slip op. at 2 (citations omitted). On appeal, Horton does not challenge the AJ's finding that he was a probationary employee. Accordingly, the Board has jurisdiction over Horton's appeal stemming from post-appointment conduct only if he can make a nonfrivolous allegation of discrimination based on partisan political reasons or marital status. 5 C.F.R. § 315.806(b). Horton's claim that the agency improperly relied upon vacated convictions as the basis for his termination is not one of the limited circumstances that would confer jurisdiction to the Board. Moreover, despite the fact that an appellate court subsequently vacated the convictions at issue, there can be no debate that at the time of Horton's declaration, the representation that he had not been convicted of a crime within the last ten years was untrue. Thus, the Board properly dismissed the case for lack of jurisdiction.

[2] Under 5 C.F.R. § 315.806(c), Horton can appeal to the Board if he can establish that "his termination was not effected in accordance with the procedural requirements" of 5 C.F.R. § 315.805. To be entitled to the termination procedure under 5 C.F.R. § 315.805, a probationer must first demonstrate that his termination was due to conditions arising before appointment. We agree with the AJ that the post-employment conduct leading to Horton's termination--providing false information in his declaration--was not a condition arising before appointment.

**3 Horton argues that in order to determine whether he falsified his declaration, the agency had to consider the prior convictions, which Horton characterizes as preappointment conditions. Horton's argument misses the point. The only basis for Horton's termination was his act of providing false information on the declaration, and there is no dispute that that act occurred after he was appointed librarian. [FN2] Thus, we conclude that Horton was not *510 improperly denied the termination procedure under 5 C.F.R. § 315.805.

> FN2. We have found nothing in the record to indicate that Horton would have had his employment terminated had he provided truthful information regarding his prior conviction in his declaration. Indeed, if Horton had made a truthful disclosure and had his employment terminated on that basis alone, the agency may have given him the termination procedure under 5 C.F.R. § 315.805 that he currently seeks.

We have considered Horton's remaining arguments and find them unconvincing.

CONCLUSION

For the foregoing reasons, we affirm the Board's decision.

122 Fed.Appx. 507, 2005 WL 352602 (Fed.Cir.)

**Briefs and Other Related Documents (Back to top)**

• 04-3235 (Docket)

(Apr. 26, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

71 Fed.Appx. 254                                                                                    Page 1

71 Fed.Appx. 254, 2003 WL 21940620 (4th Cir.(N.C.))

**(Cite as: 71 Fed.Appx. 254, 2003 WL 21940620 (4th Cir.(N.C.)))**

**H**

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

UNPUBLISHED

Please use FIND to look at the applicable circuit court rule before citing this opinion. Fourth Circuit Rule 36(c). (FIND CTA4 Rule 36(c).)

United States Court of Appeals,
Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
**John D. HORTON, Defendant-Appellant.**
**No. 02-4131.**

Submitted July 25, 2003.
Decided Aug. 14, 2003.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CR-02-4-H).

John D. Horton, Appellant Pro Se. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished PER CURIAM opinion.

**OPINION**

PER CURIAM.

**\*\*1** John D. Horton appeals the district court order

affirming the magistrate judge's judgment finding Horton guilty of destruction of government property, in violation of 18 U.S.C. § 1361 (2000), and resisting, delaying, or obstructing a police officer, in violation of 18 U.S.C. § 13 (2000) (assimilating N.C. Gen.Stat. § 14-223 (2003)). Horton, who proceeds pro se on appeal, raises numerous challenges to his conviction. We conclude his convictions must be vacated and remanded for the following reasons.

A magistrate judge may not try a case unless the defendant consents, either in writing or on the record, to disposition by the magistrate judge. 18 U.S.C. § 3401 (2000). There is no record Horton ever gave his consent in any form, and the Government concedes Horton is entitled to a new trial for this reason. We agree and vacate Horton's convictions and remand for further proceedings.

Horton raises four arguments that, if meritorious, could require the dismissal of one or both counts. Horton asserts the information was insufficient; that he was the victim of prosecutorial vindictiveness; that the resisting an officer count was not **\*255** properly assimilated under the Assimilative Crimes Act; and the Air Force initiated the stop of his vehicle without probable cause. Horton failed to assert these issues before trial. Therefore, we review for plain error. *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

First, Horton argues the information was insufficient as to the resisting an officer count. We have reviewed the information and find no error. *See United States v. Bolden,* 325 F.3d 471, 490 (4th Cir.2003).

Second, Horton argues he was the victim of a vindictive prosecution. To establish prosecutorial vindictiveness, Horton must show through objective evidence that the prosecutor acted with genuine

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

71 Fed.Appx. 254

71 Fed.Appx. 254, 2003 WL 21940620 (4th Cir.(N.C.))

(Cite as: 71 Fed.Appx. 254, 2003 WL 21940620 (4th Cir.(N.C.)))

animus toward him and, but for the animus, he would not have been prosecuted. *See United States v. Wilson,* 262 F.3d 305, 314 (4th Cir.2001), *cert. denied,* 535 U.S. 1053, 122 S.Ct. 1908, 152 L.Ed.2d 819 (2002). Horton conclusorily asserts the Air Force's actions were attributable to his EEO and Merit Systems Protection Board complaints against the Air Force. We find Horton has not demonstrated plain error in this respect.

Horton argues the district court did not have jurisdiction over the charge of resisting a police officer because the offense was not properly assimilated under the Assimilative Crimes Act. Horton argues his conduct was encompassed in the federal obstruction statutes. We have reviewed those statutes and find no plain error in this regard.

Horton also argues the Air Force did not have probable cause to stop him because he was never charged with a crime for the circumstances that led to the initial stop. We find Horton has not established plain error as to this claim. *See United States v. Jenkins,* 986 F.2d 76 (4th Cir.1993); *United States v. Hassan El,* 5 F.3d 726 (4th Cir.1993).

We deny Horton's motion for an independent counsel, for class action status, and for an injunction. Because we vacate Horton's convictions and remand for further proceedings for the reasons stated above, we decline to address the remainder of his claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

**2 *VACATED AND REMANDED.*

71 Fed.Appx. 254, 2003 WL 21940620 (4th Cir.(N.C.))

**Briefs and Other Related Documents (Back to top)**

• 02-4131 (Docket)

(Feb. 14, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

50 Fed.Appx. 425                                                     Page 1

50 Fed.Appx. 425, 2002 WL 31497302 (Fed.Cir.)

(Cite as: 50 Fed.Appx. 425, 2002 WL 31497302 (Fed.Cir.))

**H**

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

NOTE: Pursuant to Fed.Cir.R. 47.6, this order is not citable as precedent. It is public record.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Federal Circuit Rule 47.6. (FIND CTAF Rule 47.6.)

United States Court of Appeals,
Federal Circuit.
**John D. HORTON,** Petitioner,
v.
DEPARTMENT OF THE AIR FORCE,
Respondent.
**No. 02-3291.**

DECIDED: Nov. 8, 2002.
Rehearing and Rehearing En Banc Denied Jan. 14, 2003.

Former federal employee appealed decision of the Merit Systems Protection Board, 91 M.S.P.R. 666, dismissing his Individual Right of Action (IRA) appeal for lack of jurisdiction. The Court of Appeals held that suit was barred by prior settlement agreement between parties.

Affirmed.

West Headnotes

**Officers and Public Employees** ⟊⟊**72.10**
283k72.10 Most Cited Cases
Agreement settling federal employee's claim against agency for discriminatory discharge barred employee's subsequent action alleging that he was

terminated in retaliation for his whistleblowing activities, where settlement prohibited "any matters that occurred prior to the execution of this settlement agreement" from becoming "the subject of future litigation.".
*425 Before MAYER, Chief Judge, RADER, and LINN, Circuit Judges.

PER CURIAM.

**1 John D. Horton appeals the May 10, 2002 final decision of the Merit Systems Protection Board dismissing his Individual Right of Action (IRA) appeal for lack of jurisdiction. *Horton v. Dep't of Air Force,* No. AT-1221-01-0778-W-1, 91 M.S.P.R. 666 (M.S.P.B. May 10, 2002). Because the Board lacks jurisdiction over Mr. Horton's IRA appeal, this court *affirms*.

BACKGROUND
Mr. Horton worked as a medical library technician with the Department of the Air Force. On March 15, 2000, the Air Force issued Mr. Horton a notice of proposed *426 removal. Five days later, on March 20, 2000, Mr. Horton filed an Equal Employment Opportunity (EEO) complaint alleging discrimination based on race, sex, and retaliation.
The Air Force removed Mr. Horton from service effective March 22, 2000. Mr. Horton and the Air Forced resolved the EEO complaint by a settlement agreement (Agreement) signed on September 13, 2000. Pursuant to this Agreement, the parties agreed that the Air Force would retract the March 15, 2000 termination letter, and Mr. Horton would submit a letter of resignation resigning for personal reasons effective March 22, 2000. This Agreement contained the following provision:
Complainant's signature on this agreement constitutes full and complete settlement of the above captioned EEO complaint.... In addition, the complainant agrees to waiver his rights to pursue administrative or judicial action in forum concerning the matters raised in this complaint,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

50 Fed.Appx. 425                                                                                          Page 2

50 Fed.Appx. 425, 2002 WL 31497302 (Fed.Cir.)

(Cite as: 50 Fed.Appx. 425, 2002 WL 31497302 (Fed.Cir.))

which include any matters that occurred prior to the execution of this settlement agreement, and that they will not be made the subject of future litigation.

On July 31, 2001, Mr. Horton filed his IRA appeal, alleging that the Air Force terminated him in retaliation for whistleblowing. In response to the appeal, the Air Force produced evidence showing that Mr. Horton resigned pursuant to the EEO settlement agreement. Because the Agreement prohibited "any matters that occurred prior to the execution of [the Agreement]" from becoming "the subject of future litigation," the administrative judge ordered Mr. Horton to show cause why the Board had authority to review his IRA appeal. After Mr. Horton failed to respond, the administrative judge held that the Board lacked jurisdiction and dismissed the IRA appeal on October 29, 2001. Mr. Horton filed a petition with the Board, seeking review of the October 29, 2001 decision. The Board denied Mr. Horton's petition, making the administrative judge's decision final on May 10, 2002. Mr. Horton appealed to this court.

### DISCUSSION

A determination of whether the Board has jurisdiction to address a particular petition for review is a question of law, which this court reviews without deference. *Herman v. Dep't of Justice,* 193 F.3d 1375, 1378 (Fed.Cir.1999). The Board's jurisdiction is limited to those actions specifically granted by some law, rule, or regulation. 5 U.S.C. § 7701(a)(2000); *Antolin v. Dep't of Justice,* 895 F.2d 1395, 1396 (Fed.Cir.1989). A petitioner must establish that the Board possesses jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(2001); *Van Wersch v. Dep't of Health & Human Servs.,* 197 F.3d 1144, 1147 (Fed.Cir.1999).

**2 Generally, when an employee believes that an agency's adverse action is improper and voluntarily settles that grievance, the Board lacks jurisdiction over that action, other than for enforcement. *Mays v. United States Postal Serv.,* 995 F.2d 1056, 1059-60 (Fed.Cir.1993). The Board may have jurisdiction, however, if the settlement agreement is

unlawful, involuntary, or the result of fraud or mutual mistake. *See Briscoe v. Dep't of Veterans Affairs,* 63 M.S.P.R. 137, 139-40 (1994), *aff'd* 55 F.3d 1571 (Fed.Cir.1995). Mr. Horton's IRA action certainly is not a petition for enforcement, and he has not alleged that he involuntarily entered into the September 13, 2000 Agreement.

On appeal to this court, Mr. Horton alleges that there was a "mutual mistake of fact" regarding the scope of the Agreement, and that the parties intended the Agreement to waive future appeals of only the discrimination issues. This intention, however, is not reflected in the broad language of the Agreement, and Mr. Horton *427 has not provided any corroborating evidence to substantiate his allegation. The Agreement's broad language prohibits "any matters that occurred prior to the execution of this settlement agreement" from becoming "the subject of future litigation." This broad language waives any right to pursue further action concerning Mr. Horton's removal. There is no evidence to show that the Air Force was mistaken about the scope of this waiver. Therefore, at most, there was a unilateral mistake on the part of Mr. Horton, which is insufficient to vest the Board with jurisdiction.

### CONCLUSION

Accordingly, Mr. Horton voluntarily settled the matter of his termination and waived his right to further litigation on this matter. He did not show that the Agreement is unlawful, involuntary, or the result of fraud or mutual mistake. The Board thus lacks jurisdiction to review Mr. Horton's IRA appeal.

50 Fed.Appx. 425, 2002 WL 31497302 (Fed.Cir.)

**Briefs and Other Related Documents (Back to top)**

• 02-3291 (Docket)

(Jun. 11, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d

2001 WL 34013606 (E.D.N.C.)

**(Cite as: 2001 WL 34013606 (E.D.N.C.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
E.D. North Carolina.
UNITED STATES OF AMERICA
v.
**John D. HORTON, Defendant.**
**No. CR-01-617-DEN.**

Nov. 14, 2001.

ORDER

DENSON, Magistrate J.

\*1 THIS CAUSE is before the Court on defendant's Motion to Dismiss and for Sanctions. The Government has responded. The Court notes that the Government's response is untimely. [FN1] In addition to its response, the Government has filed a "Pre-Trial Motion to be Heard," essentially requesting permission to file a response out of time. The Government explains that its failure to receive certain orders issued by this Court and delays in receiving defendant's requests and motions, have delayed its action in the present matter. FOR GOOD CAUSE SHOWN, the Court grants the Government's request to file its response out of time. Defendant's motions are now ripe for decision.

> FN1. The Court notes that the Government's motion violates Local Rule 3.06, requiring that all fillings must be double-spaced. *See* E.D.N.C. Local Rule 3.06(a). Although the Court declines to sanction the Government for this violation, the Court warns that compliance with the Local Rules is essential to the practice of law before this Court. Moreover, further failure to comply with our Local Rules may result in sanctions.

Defendant filed a so-called "discovery request" on August 25, 2001 asking that the Government provide him with copies of certain citations issued against him at Pope Air Force Base ("Pope AFB") on August 23, 2001. Defendant subsequently moved the Court to provide him with the citations. Defendant explained that the citations had originally been taken from him in the course of his arrest.

The Court issued an order responding to defendant's request on September 24, 2001. As the citations had yet to be entered into the Court's database, the Court directed the Government to provide defendant with copies of the citations by October 12, 2001. The Government failed to comply with the Court's order. In light of this failure, defendant has filed a Motion to Dismiss and for Sanctions against the Government.

In its response, the Government explains that various complications prevented it from responding to defendant's request and the Court's order. These complications include the events of September 11, 2001 and, as stated *supra,* its failure to receive the Court's Order and defendant's motions and requests in a timely manner. The Government explains that defendant gave notice of his address only to the Central Violations Bureau and the U.S. Attorney's Office in Raleigh, North Carolina. The Government further explains that defendant's motions were filed in its Raleigh office and had to be forwarded to Pope AFB before they could be considered.

The Court notes that all of defendant's filings, including the notice of his address, indicate that they were mailed to the "Judge Advocate General Pope AFB, NC 28308," citing at least the proper township, state, and zip code. Furthermore, these filings, including the pending motions (which the Government received on October 31, 2001) contain defendant's mailing address.

Nevertheless, the Government states that the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

2001 WL 34013606 (E.D.N.C.)

**(Cite as: 2001 WL 34013606 (E.D.N.C.))**

defendant's motion to dismiss did not go directly to Pope AFB and thus caused delays in the response. The Government indicates that it provided Defendant with copies of the citations on November 7, 2001. Furthermore, the Government informs the Court that it has yet to charge defendant, that an investigation is still pending, and that it is willing to grant defendant any continuances needed for trial preparation.

*2 Finding that defendant has not been prejudiced by the Government's failure to timely respond to the Court's September 24, 2001 Order and for good cause shown on the part of the Government, the Court DENIES defendant's Motions to Dismiss and for Sanctions. To prevent further delays and until further notice, the Court directs defendant to send all correspondence relating to his case directly to Special Assistant United States Attorney Capt. Matt D. Coakley at the following address:

Capt. Matt D. Coakley
Special Assistant United States Attorney
43 AW/JA, 374 Maynard St., Ste. A
Pope AFB, NC 28308-2381
2001 WL 34013606 (E.D.N.C.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

66 F.3d 279

66 F.3d 279

(Cite as: 66 F.3d 279)

▷

United States Court of Appeals,
Federal Circuit.
**John D. HORTON,** Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
**John D. HORTON,** Petitioner,
v.
DEPARTMENT OF TRANSPORTATION,
Respondent.
**Nos. 94-3332 and 94-3355.**

Sept. 12, 1995.
Rehearing Denied Oct. 11, 1995.

Employee petitioned for review of initial decision which dismissed his appeal of his termination during probation and his subsequent nonselection for another position. The Merit Systems Protection Board, 47 M.S.P.R. 475, reversed and remanded. On remand, the administrative judge sustained agency actions, and employee again petitioned for review. The Board, 60 M.S.P.R. 397, denied petition, reopened appeal, and affirmed its initial decision as modified. Employee appealed. The Court of Appeals, Pauline Newman, Circuit Judge, held that: (1) employee's verbal disclosures and written reply to letter of caution were not protected "disclosures" under Whistleblower Protection Act; (2) employee's letter constituted protected disclosure; (3) disclosure could not have been contributing factor to adverse action; and (4) employee was not entitled to relief for nonselection.

Affirmed.

Nies, Circuit Judge, filed opinion concurring in result.

West Headnotes

**[1] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases

Probationary public employees are entitled to statutory protection from reprisal for whistleblowing, as are applicants for public employment. 5 U.S.C.A. § 2302(b)(8).

**[2] Officers and Public Employees** ☞72.61
283k72.61 Most Cited Cases
Burden of showing that protected disclosure was made, for purposes of statutory protection against reprisal for whistleblowing, is upon the public employee. 5 U.S.C.A. § 2302(b)(8).

**[3] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases
Three verbal disclosures made by former Marine Corps probationary librarian were not "disclosure," contemplated by Whistleblower Protection Act (WPA), as they were made directly to persons about whose behavior librarian complained, ostensibly for disciplinary or corrective purposes. 5 U.S.C.A. § 2302(b)(8).

**[4] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases
Purpose of Whistleblower Protection Act (WPA) is to encourage disclosure of wrongdoing to persons who may be in position to act to remedy it, either directly by management authority, or indirectly as in disclosure to press. 5 U.S.C.A. § 2302(b)(8).

**[5] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases
Former Marine Corps probationary librarian's written reply to librarian's letter of caution was not whistleblowing for purposes of Whistleblower Protection Act (WPA), even though librarian was his supervisor, where reply simply related former probationary librarian's version of events about which he had been cautioned. 5 U.S.C.A. § 2302(b)(8).

**[6] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 F.3d 279

66 F.3d 279

(Cite as: 66 F.3d 279)

Former Marine Corps probationary librarian's letter in which he disclosed frequent sleeping of employees on the job, falsification of time cards, and instances of gross mismanagement, constituted protected disclosure for purposes of Whistleblower Protection Act (WPA); he could have had reasonable belief of wrongdoing. 5 U.S.C.A. § 2302(b)(8).

**[7] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases
Whistleblower Protection Act (WPA) requires only that whistleblower have reasonable belief that, for example, rule or regulation had been violated, in order for disclosure to be protected. 5 U.S.C.A. § 2302(b)(8).

**[8] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases
Whistleblower's credibility is relevant in determining whether whistleblower had reasonable belief that, for example, rule or regulation had been violated, so as to entitle disclosure to protection under Whistleblower Protection Act (WPA). 5 U.S.C.A. § 2302(b)(8).

**[9] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases
Former Marine Corps probationary librarian's individual right of action appeal from separation during his probationary period had to be denied, as protected disclosure could not have been contributing factor in adverse action, where adverse action was taken before protected disclosure was made. 5 U.S.C.A. § 1221(e)(1).

**[10] Officers and Public Employees** ☞72.63
283k72.63 Most Cited Cases
Circumstantial evidence of knowledge of protected disclosure and reasonable relationship between time of protected disclosure and time of personnel action will establish, prima facie, that disclosure was contributing factor to personnel action for purposes of Whistleblower Protection Act (WPA). 5 U.S.C.A. § 1221(e)(1).

**[11] Officers and Public Employees** ☞72.24
283k72.24 Most Cited Cases

Absent appeal rights deriving from Whistleblower Protection Act (WPA), probationary employee had no right to appeal merits of termination action, where there was no assertion that adverse action was based on marital status, partisan political reasons, or certain preemployment conditions. 5 U.S.C.A. § 2302(b)(8); 5 C.F.R. § 315.806.

**[12] Officers and Public Employees** ☞11.7
283k11.7 Most Cited Cases
Rejected applicant for position of Coast Guard Academy librarian was not entitled to relief in individual right of action appeal, where he did not argue that he was better qualified than candidate selected for position.
*280 John D. Horton, pro se, submitted on the briefs.

Jeri Kaylene Somers, Attorney, Commercial Litigation Branch, Department of Justice, Washington, DC, submitted on the brief for the respondent in 94-3332. William C. Peachey, Attorney, Commercial Litigation Branch, Department of Justice, Washington, DC, submitted on the brief for respondent in 94-3355. With them on the briefs were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Mary Mitchelson, Deputy Director.

Before RICH, NIES, and NEWMAN, Circuit Judges.

Opinion for the court filed by Circuit Judge PAULINE NEWMAN. Separate opinion, concurring in the result, filed by Circuit Judge NIES.

PAULINE NEWMAN, Circuit Judge.

John D. Horton appeals two decisions of the Merit Systems Protection Board. In Docket No. SF1221900828-B-1 (Appeal No. *281 94-3332) the Board dismissed his individual right of action appeal from the Navy's termination of his civilian service during his probationary period as a librarian at a Marine Corps library at El Toro, California, and his ensuing non-selection for employment at a Marine Corps library at Iwakuni, Japan. In Docket No. BN1221910304-W-1 (Appeal No. 94-3355) the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 3

Board dismissed his individual right of action appeal of his non-selection for employment as librarian at the Coast Guard Academy. We affirm the Board decisions.

I

Effective November 5, 1989, Mr. Horton was appointed to the position of Assistant Librarian in the Recreational Services Division of the Marine Corps Air Station at El Toro, California. The appointment was subject to completion of a one-year probationary period. Soon after his employment started, Mr. Horton criticized the behavior and performance of several persons on the library staff. This criticism was directed to the persons involved, including the Librarian, Mr. Horton's supervisor. The Librarian, in turn, issued warnings to him based on what she perceived as a confrontational attitude. In a Letter of Caution dated November 22, 1989 the Librarian mentioned "use of abusive language to a co-worker and her husband and for refusing to listen to me."

Mr. Horton soon sought another assignment. In April 1990 he was offered a position at the Marine Corps library in Iwakuni, Japan, conditioned upon a favorable background check by the Iwakuni hiring agency. This background check was in progress when on May 16, 1990 the Librarian at El Toro initiated the removal action, following an incident earlier that day between Mr. Horton and a member of the library staff in which, according to the agency's notice of removal, Mr. Horton "had a tantrum [instead] of politely asking" the staff member to terminate a personal phone call. Mr. Horton was advised that action was being taken.

The following day, May 17, 1990, Mr. Horton wrote to the Director, Assistant Director, and Librarian of the Recreational Services Division of El Toro, describing several past incidents of asserted misconduct by the library staff, including misconduct involving the Librarian. Included were disclosures that library employees were sleeping on the job, that there was inadequate supervision of employees, chronic tardiness, falsification of time cards, and failure to timely process over three thousand books.

Mr. Horton's employment was terminated effective June 1, 1990. The stated ground was that he "failed to meet the standards required for continued employment." *See* 5 C.F.R. §§ 315.803 and 315.804. The Marine Corps library at Iwakuni then withdrew its conditional offer, for the reason, according to the administrative judge's summary of the testimony, "that the conditional job offer to [Mr. Horton] was revoked once the agency became aware that he had been terminated during his probationary period at the El Toro Marine Corps Station."

Mr. Horton argues that he was removed for whistleblowing, based on the various complaints he had previously lodged with the persons involved, and disclosed in his letter of May 17, 1990. He sought corrective action from the Office of Special Counsel, a step required for persons such as probationary employees who have no right of appeal to the Board absent a prohibited personnel practice. *See* 5 U.S.C. § 1214(a)(3). The Office of Special Counsel conducted an investigation and denied relief. Mr. Horton then brought an individual right of action appeal to the Board, in accordance with 5 U.S.C. § 1221:

**5 U.S.C. § 1221(a) Individual right of action in certain reprisal cases.**

(a) Subject to the provisions of subsection (b) of this section and subsection 1214(a)(3), an employee, former employee, or applicant for employment may, with respect to any personnel action taken, or proposed to be taken, against such employee, former employee, or applicant for employment, as a result of prohibited personnel practice described in section 2302(b)(8), seek corrective action from the Merit Systems Protection Board.

The Board held that no protected disclosure was made, and therefore that there was no prohibited personnel practice, and that neither *282 the action at El Toro nor at Iwakuni was appealable to the Board.

*A*

[1][2]   Reprisal against an employee for whistleblowing is prohibited by statute. 5 U.S.C. § 2302(b)(8) provides in pertinent part:

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 F.3d 279

(Cite as: 66 F.3d 279)

5 U.S.C. § 2302(b) Any employee who has the authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority--

(8) take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee or applicant for employment because of--

(A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences--

(i) a violation of any law, rule or regulation, or

(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety....

Probationary employees are entitled to this statutory protection, *Eidmann v. Merit Systems Protection Board,* 976 F.2d 1400, 1407 (Fed.Cir.1992), as are applicants for employment. The burden of showing that a protected disclosure was made is upon the employee.

[3][4] Mr. Horton states that he made four protected disclosures before the termination action was initiated on May 16, 1990. The Board found that Mr. Horton's three verbal disclosures made before his May 17 letter were not "whistleblowing" in terms of 5 U.S.C. § 2302(b)(8). We agree that these actions were not the "disclosure" contemplated by statute, for these criticisms were made directly to the persons about whose behavior Mr. Horton complained, ostensibly for disciplinary or corrective purposes. The purpose of the Whistleblower Protection Act is to encourage disclosure of wrongdoing to persons who may be in a position to act to remedy it, either directly by management authority, or indirectly as in disclosure to the press. Criticism directed to the wrongdoers themselves is not normally viewable as whistleblowing.

[5] Similarly, the Board held that Mr. Horton's written reply to the Librarian's Letter of Caution early in his employment was not whistleblowing, although the Librarian was his supervisor, for the reply simply related Mr. Horton's version of the events about which he had been cautioned. The issue before the Board was not whether the Librarian had justifiably cautioned Mr. Horton; it was whether his reply was a protected disclosure. We agree that it was not.

[6] Mr. Horton's first communication to officials outside the Library was his May 17 letter, sent the day after his removal was initiated. The administrative judge found that Mr. Horton's motivation in writing the letter was primarily an attempt to "shift blame, create discord, and evade imminent disciplinary action," and held on this ground that relief was not warranted. The administrative judge relied on *Fiorillo v. Department of Justice,* 795 F.2d 1544 (Fed.Cir.1986), wherein this court held that in order to be protected under the Whistleblower Protection Act the employee's primary motivation for making the disclosure must be a desire to inform the public, and not for vindictiveness or personal advantage.

The Board, reviewing the administrative judge's decision, pointed out that *Fiorillo* was overruled by Congressional action in 1988. The legislative history of that enactment explains:

In *Fiorillo v. Department of Justice,* 795 F.2d 1544, 1550 (Fed.Cir.1986), an employee's disclosures were not considered protected because the employee's "primary motivation" was not for the public good, but rather for the personal motives of the employee. The court reached this conclusion despite the lack of any indication in CSRA that an employee's motives are supposed to be considered in determining whether a disclosure is protected.

The Committee intends that disclosures be encouraged. The OSC, the Board and the courts should not erect barriers to disclosures which will limit the necessary *283 flow of information from employees who have knowledge of government wrongdoing.

S.Rep. No. 413, 100th Cong., 2d Sess. 12-13 (1988). The Board thus eliminated the principal ground on which the administrative judge had relied in finding that Mr. Horton was not entitled to whistleblower status. The Board observed that Mr. Horton's disclosures in his May 17 letter, *e.g.* the frequent sleeping of employees on the job, falsification of time cards, and instances of gross

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 F.3d 279

.Page 5

66 F.3d 279

(Cite as: 66 F.3d 279)

mismanagement, "involve matters specified in section 2302(b)(8)." However, the Board found that these disclosures were not "based upon a reasonable belief of illegal activity or gross mismanagement," and thus did not meet all of the criteria of § 2302(b)(8). The Board appears to have reached this conclusion based primarily on the Board's view of the seriousness of the reported wrongdoing.

[7] The statute requires only that the whistleblower had a reasonable belief that, for example, a rule or regulation had been violated, in order for the disclosure of such violations to be protected. Indeed, the Board's finding that the reported violations were "trivial" supports a reasonable belief on the part of Mr. Horton that violations in fact occurred. We take note that the evidence was mixed concerning the substance of the matters disclosed. For example, the library staff member admitted to the personal phone call that was the subject of the May 16 incident. The Board did not review this evidence from the viewpoint of Mr. Horton's "reasonable belief," but instead found that this single incident could not reasonably be viewed as wrongdoing. However, Mr. Horton's May 17 letter was not directed to a single phone call, but to a practice of excessive personal calls during work periods. Whether or not the reported violations were trivial, in the Board's view, does not deprive the discloser of the benefit of having made a protected disclosure.

[8] The Board did hold that Mr. Horton's May 17 letter recited violations of rules or regulations and lapses of managerial responsibility which, on their face, are covered by § 2302(b)(8). The question before the Board was not whether there was in fact governmental wrongdoing; the question was whether Mr. Horton could have had a reasonable belief that there was. The Board apparently gave weight to the administrative judge's conclusion that Mr. Horton was not a credible witness. Mr. Horton's credibility is indeed relevant in determining his reasonable belief. However, in this case the administrative judge's credibility determination was intertwined with the finding that Mr. Horton's motivation was personal and vindictive. When the Board reversed, as a matter

of law, the administrative judge's reliance on Mr. Horton's motivation, the accompanying credibility determination lost its support.

Applying the correct law, in light of the policy stressed by Congress upon overruling this court's holding in *Fiorillo,* we conclude that the Board's ruling that Mr. Horton could not have had a reasonable belief of wrongdoing was not supported by substantial evidence. Thus Mr. Horton's May 17 letter must be viewed as a protected disclosure.

*B*

[9] The employee must also show that the protected disclosure was "a contributing factor" in the adverse action:

**5 U.S.C. § 1221(e)(1)** Subject to the provisions of paragraph (2), in any case involving an alleged prohibited personnel practice as described under section 2302(b)(8), the Board shall order such corrective action as the Board considers appropriate if the employee, former employee, or applicant for employment has demonstrated that a disclosure described under section 2302(b)(8) was a contributing factor in the personnel action which was taken or is to be taken against such employee, former employee, or applicant. The employee may demonstrate that the disclosure was a contributing factor in the personnel action through circumstantial evidence, such as evidence that--

(A) the official taking the personnel action knew of the disclosure; and

(B) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure *284 was a contributing factor in the personnel action.

(2) Corrective action under paragraph (1) may not be ordered if the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure.

The employee's showing that the disclosure was a contributing factor must be made by a preponderance of the evidence, and the agency's affirmative defense must be established by clear and convincing evidence. 5 C.F.R. § 1209.7.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 F.3d 279

66 F.3d 279

(Cite as: 66 F.3d 279)

Page 6

[10] In *Clark v. Department of the Army*, 997 F.2d 1466 (Fed.Cir.1993), *cert. denied,* 510 U.S. 1091, 114 S.Ct. 920, 127 L.Ed.2d 214 (1994), this court held that the circumstantial evidence of an adverse personnel action taken soon after a protected disclosure was made, was insufficient to establish a *prima facie* case of reprisal. *Clark* was expressly overruled by Act of Congress, effective October 29, 1994, in Pub.L. No. 103-424, § 14, codified at 5 U.S.C. § 1221(e)(1)(A) and (B), *see supra.* Thus the circumstantial evidence of knowledge of the protected disclosure and a reasonable relationship between the time of the protected disclosure and the time of the personnel action will establish, *prima facie,* that the disclosure was a contributing factor to the personnel action. Although the Board's decision was made before *Clark* was overruled, we apply the law as it now stands.

It was established that the action to remove Mr. Horton was initiated on May 16, the day before the May 17 letter was written. Mr. Horton admitted that he knew that disciplinary action was being taken, when he made the May 17 disclosure. Since the May 17 disclosure can not have been a contributing factor to the action already initiated, this requirement of 5 U.S.C. § 1221(e)(1) was not met. The Board's denial of Mr. Horton's individual right of action appeal from the separation during his probationary period at El Toro must be affirmed.

C

[11] Mr. Horton also argues the merits of his termination at El Toro. However, absent appeal rights deriving from 5 U.S.C. § 2302(b)(8), Mr. Horton as a probationary employee has no right to appeal the merits of the termination action other than on the narrow grounds of 5 C.F.R. § 315.806 (appeal permitted when adverse action was based on marital status, partisan political reasons, or certain pre-employment conditions). No such ground is here asserted.

D

Following Mr. Horton's termination at El Toro, the conditional offer of a comparable position at Iwakuni was withdrawn. Mr. Horton states that the wrongful termination at El Toro prejudiced his

transfer to Iwakuni, and that wrongful communication of his whistleblowing was the reason for withdrawal of the Iwakuni offer. We have concluded that the termination at El Toro was not wrongful, in that Mr. Horton's protected disclosure was not a contributing factor to the termination action. However, we consider whether this disclosure was a contributing factor in the Iwakuni action.

The administrative judge found that "the conditional offer was withdrawn solely because the selecting officials at Iwakuni, Japan, were properly notified that appellant had been terminated for post-appointment reasons from his position at El Toro, California." Iwakuni officials testified before the administrative judge, as did Mr. Horton and other witnesses. There was no evidence to support a finding of either actual or constructive knowledge by the Iwakuni officials of Mr. Horton's May 17 letter. Iwakuni officials testified that the offer was withdrawn because Mr. Horton had been terminated for inadequate performance during his probationary period at El Toro. It was not improper for the Iwakuni officials to have been told of this termination. The testimony of the Iwakuni officials was found by the administrative judge to be credible, *see Hambsch v. Department of the Treasury,* 796 F.2d 430, 436 (1986) (credibility determinations are virtually unreviewable on appeal), and was not contradicted. The Board found that there was clear and convincing evidence, even assuming that whistleblower status had been *285 established, that the agency would have taken the same action. These findings meet the legal requirements of 5 U.S.C. § 1221(e)(1) and (2).

We discern substantial evidence, on appellate review, in support of the Board's decision. The Board's decision in Appeal No. 94-3332 is affirmed.

II

[12] On May 18, 1990 the United States Coast Guard Academy in New London, Connecticut announced the position of Librarian. Mr. Horton applied. On July 17, 1990 another candidate was selected. Mr. Horton sought remedial action from the Office of Special Counsel, stating that the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 F.3d 279

66 F.3d 279

(Cite as: 66 F.3d 279)

Librarian at El Toro had made "reprisal statements" against him and had provided the Coast Guard Academy with "constructive knowledge of protected disclosures." The Office of Special Counsel declined to act, and Mr. Horton brought an Individual Right of Action appeal.

The administrative judge found that Mr. Horton had not provided information in support of his allegations. Mr. Horton did not respond to a subsequent order of the full Board, which then held that Mr. Horton was precluded from raising a whistleblower claim. There was insufficient direct or circumstantial evidence to establish a *prima facie* case of reprisal. We also note that Mr. Horton was next on the selection register: an action inconsistent with reprisal. The record contains the Coast Guard Referral and Selection Register dated July 13, 1990; the Register lists five candidates, with Mr. Horton ranked third in preference. The notation "declined" was written next to the name of the first-ranked candidate. The second-ranked candidate accepted the position, the document recording the following reasons for the selection: "Had the most relevant experience. Also had the most experience of any candidate. Experience in instruction was particularly strong." Mr. Horton does not argue that he was better qualified for the position than the candidate selected.

Thus the Board's decision in Appeal No. 94-3355 must be affirmed.

*AFFIRMED.*

NIES, Circuit Judge, concurring in result.

I do not agree that the May 17, 1990, letter constitutes a protected disclosure. The first seven pages of the eight-page letter contain only complaints about Horton's coworker's actions on May 16, 1990. The disclosures relied on by the majority, which appear on the last page of that letter, are conclusory and entirely unsupported with any facts.

I agree with the Board's analysis of the record evidence and its conclusion that the evidence failed

to support a finding that the appellant reasonably believed that his disclosure evidenced any of the situations recited in 5 U.S.C. § 2302(b)(8).

66 F.3d 279

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

127 F.3d 1105 (Table)                                                        Page 1

127 F.3d 1105 (Table), 1997 WL 665704 (9th Cir.(Wash.))
**Unpublished Disposition**

**(Cite as: 127 F.3d 1105, 1997 WL 665704 (9th Cir.(Wash.)))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Ninth Circuit.
**John D. HORTON, Plaintiff-Appellant,**
v.
Belinda D. STEWART, Superintendent MICC, Defendant-Appellee.
**No. 96-36242.**

Submitted October 20, 1997. [FN**]

FN** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34-4.

Decided October 24, 1997.

Appeal from the United States District Court for the Western District of Washington ROBERT J. BRYAN, District Judge, Presiding.

Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.

MEMORANDUM [FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**1 John D. Horton appeals pro se the district

court's summary judgment in favor of defendant in Horton's 42 U.S.C. § 1983 action alleging his constitutional rights were violated when he was terminated from his job in the McNeil Island Corrections Center law library for providing effective legal access to prisoners. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *see Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.

The district court properly dismissed the action against Stewart in her official capacity, *See Bermudez v. Duenas,* 936 F.2d 1054, 1066 (9th Cir.1991) (per curiam). [FN1] Moreover, Horton's contention that he should have been allowed to amend his complaint to sue Stewart in her individual capacity is meritless because he failed to allege Stewart's personal involvement. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 691 (1978); *see also Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (holding that section 1983 action requires a showing of personal participation by defendant in alleged constitutional violation).

> FN1. In her official capacity, Stewart is shielded from liability under the Eleventh Amendment. *See Mitchell v. Los Angeles Community College Dist.,* 861 F.2d 198, 201 (9th Cir.1988). An action for damages is prohibited against Stewart in her official capacity because such an action is, in reality, a suit against the state itself. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58. 71 (1989).

The district court did not abuse its discretion by denying Horton Leave to amend his complaint to include claims of discrimination [FN2] because Horton failed to bring those claims within 70 days of receiving a right to sue letter from the Equal Employment Opportunity Commission. *See*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

127 F.3d 1105 (Table)

127 F.3d 1105 (Table), 1997 WL 665704 (9th Cir.(Wash.))
**Unpublished Disposition**

**(Cite as: 127 F.3d 1105, 1997 WL 665704 (9th Cir.(Wash.)))**

*Scholar v. Pacific Bell,* 963 F.2d 264, 266-67 (9th Cir.1992).

> FN2. Horton intended to amend his complaint to add claims of discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213; and the Rehabilitation Act, 29 U.S.C. §§ 701-797.

To the extent Horton's action is based on defendant's alleged unconstitutional failure to provide effective legal access to prisoners, we note that Horton lacks standing to bring an action on behalf of prisoners. *See O'Shea v. Littleton,* 414 U.S. 488, 494 (1974).

AFFIRMED.

127 F.3d 1105 (Table), 1997 WL 665704 (9th Cir.(Wash.)) Unpublished Disposition

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

66 F.3d 279

66 F.3d 279

(Cite as: 66 F.3d 279)

▷

United States Court of Appeals,
Federal Circuit.
**John D. HORTON,** Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
**John D. HORTON,** Petitioner,
v.
DEPARTMENT OF TRANSPORTATION,
Respondent.
**Nos. 94-3332 and 94-3355.**

Sept. 12, 1995.
Rehearing Denied Oct. 11, 1995.

Employee petitioned for review of initial decision which dismissed his appeal of his termination during probation and his subsequent nonselection for another position. The Merit Systems Protection Board, 47 M.S.P.R. 475, reversed and remanded. On remand, the administrative judge sustained agency actions, and employee again petitioned for review. The Board, 60 M.S.P.R. 397, denied petition, reopened appeal, and affirmed its initial decision as modified. Employee appealed. The Court of Appeals, Pauline Newman, Circuit Judge, held that: (1) employee's verbal disclosures and written reply to letter of caution were not protected "disclosures" under Whistleblower Protection Act; (2) employee's letter constituted protected disclosure; (3) disclosure could not have been contributing factor to adverse action; and (4) employee was not entitled to relief for nonselection.

Affirmed.

Nies, Circuit Judge, filed opinion concurring in result.

West Headnotes

**[1] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases

Probationary public employees are entitled to statutory protection from reprisal for whistleblowing, as are applicants for public employment. 5 U.S.C.A. § 2302(b)(8).

**[2] Officers and Public Employees** ☞72.61
283k72.61 Most Cited Cases
Burden of showing that protected disclosure was made, for purposes of statutory protection against reprisal for whistleblowing, is upon the public employee. 5 U.S.C.A. § 2302(b)(8).

**[3] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases
Three verbal disclosures made by former Marine Corps probationary librarian were not "disclosure," contemplated by Whistleblower Protection Act (WPA), as they were made directly to persons about whose behavior librarian complained, ostensibly for disciplinary or corrective purposes. 5 U.S.C.A. § 2302(b)(8).

**[4] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases
Purpose of Whistleblower Protection Act (WPA) is to encourage disclosure of wrongdoing to persons who may be in position to act to remedy it, either directly by management authority, or indirectly as in disclosure to press. 5 U.S.C.A. § 2302(b)(8).

**[5] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases
Former Marine Corps probationary librarian's written reply to librarian's letter of caution was not whistleblowing for purposes of Whistleblower Protection Act (WPA), even though librarian was his supervisor, where reply simply related former probationary librarian's version of events about which he had been cautioned. 5 U.S.C.A. § 2302(b)(8).

**[6] Officers and Public Employees** ☞69.7
283k69.7 Most Cited Cases

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 F.3d 279

66 F.3d 279

(Cite as: 66 F.3d 279)

Former Marine Corps probationary librarian's letter in which he disclosed frequent sleeping of employees on the job, falsification of time cards, and instances of gross mismanagement, constituted protected disclosure for purposes of Whistleblower Protection Act (WPA); he could have had reasonable belief of wrongdoing. 5 U.S.C.A. § 2302(b)(8).

**[7] Officers and Public Employees** ☜69.7
283k69.7 Most Cited Cases
Whistleblower Protection Act (WPA) requires only that whistleblower have reasonable belief that, for example, rule or regulation had been violated, in order for disclosure to be protected. 5 U.S.C.A. § 2302(b)(8).

**[8] Officers and Public Employees** ☜69.7
283k69.7 Most Cited Cases
Whistleblower's credibility is relevant in determining whether whistleblower had reasonable belief that, for example, rule or regulation had been violated, so as to entitle disclosure to protection under Whistleblower Protection Act (WPA). 5 U.S.C.A. § 2302(b)(8).

**[9] Officers and Public Employees** ☜69.7
283k69.7 Most Cited Cases
Former Marine Corps probationary librarian's individual right of action appeal from separation during his probationary period had to be denied, as protected disclosure could not have been contributing factor in adverse action, where adverse action was taken before protected disclosure was made. 5 U.S.C.A. § 1221(e)(1).

**[10] Officers and Public Employees** ☜72.63
283k72.63 Most Cited Cases
Circumstantial evidence of knowledge of protected disclosure and reasonable relationship between time of protected disclosure and time of personnel action will establish, prima facie, that disclosure was contributing factor to personnel action for purposes of Whistleblower Protection Act (WPA). 5 U.S.C.A. § 1221(e)(1).

**[11] Officers and Public Employees** ☜72.24
283k72.24 Most Cited Cases

Absent appeal rights deriving from Whistleblower Protection Act (WPA), probationary employee had no right to appeal merits of termination action, where there was no assertion that adverse action was based on marital status, partisan political reasons, or certain preemployment conditions. 5 U.S.C.A. § 2302(b)(8); 5 C.F.R. § 315.806.

**[12] Officers and Public Employees** ☜11.7
283k11.7 Most Cited Cases
Rejected applicant for position of Coast Guard Academy librarian was not entitled to relief in individual right of action appeal, where he did not argue that he was better qualified than candidate selected for position.
\*280 John D. Horton, pro se, submitted on the briefs.

Jeri Kaylene Somers, Attorney, Commercial Litigation Branch, Department of Justice, Washington, DC, submitted on the brief for the respondent in 94-3332. William C. Peachey, Attorney, Commercial Litigation Branch, Department of Justice, Washington, DC, submitted on the brief for respondent in 94-3355. With them on the briefs were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Mary Mitchelson, Deputy Director.

Before RICH, NIES, and NEWMAN, Circuit Judges.

Opinion for the court filed by Circuit Judge PAULINE NEWMAN. Separate opinion, concurring in the result, filed by Circuit Judge NIES.

PAULINE NEWMAN, Circuit Judge.

John D. Horton appeals two decisions of the Merit Systems Protection Board. In Docket No. SF1221900828-B-1 (Appeal No. \*281 94-3332) the Board dismissed his individual right of action appeal from the Navy's termination of his civilian service during his probationary period as a librarian at a Marine Corps library at El Toro, California, and his ensuing non-selection for employment at a Marine Corps library at Iwakuni, Japan. In Docket No. BN1221910304-W-1 (Appeal No. 94-3355) the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 F.3d 279

(Cite as: 66 F.3d 279)

Board dismissed his individual right of action appeal of his non-selection for employment as librarian at the Coast Guard Academy. We affirm the Board decisions.

I

Effective November 5, 1989, Mr. Horton was appointed to the position of Assistant Librarian in the Recreational Services Division of the Marine Corps Air Station at El Toro, California. The appointment was subject to completion of a one-year probationary period. Soon after his employment started, Mr. Horton criticized the behavior and performance of several persons on the library staff. This criticism was directed to the persons involved, including the Librarian, Mr. Horton's supervisor. The Librarian, in turn, issued warnings to him based on what she perceived as a confrontational attitude. In a Letter of Caution dated November 22, 1989 the Librarian mentioned "use of abusive language to a co-worker and her husband and for refusing to listen to me."

Mr. Horton soon sought another assignment. In April 1990 he was offered a position at the Marine Corps library in Iwakuni, Japan, conditioned upon a favorable background check by the Iwakuni hiring agency. This background check was in progress when on May 16, 1990 the Librarian at El Toro initiated the removal action, following an incident earlier that day between Mr. Horton and a member of the library staff in which, according to the agency's notice of removal, Mr. Horton "had a tantrum [instead] of politely asking" the staff member to terminate a personal phone call. Mr. Horton was advised that action was being taken.

The following day, May 17, 1990, Mr. Horton wrote to the Director, Assistant Director, and Librarian of the Recreational Services Division at El Toro, describing several past incidents of asserted misconduct by the library staff, including misconduct involving the Librarian. Included were disclosures that library employees were sleeping on the job, that there was inadequate supervision of employees, chronic tardiness, falsification of time cards, and failure to timely process over three thousand books.

Mr. Horton's employment was terminated effective June 1, 1990. The stated ground was that he "failed to meet the standards required for continued employment." See 5 C.F.R. §§ 315.803 and 315.804. The Marine Corps library at Iwakuni then withdrew its conditional offer, for the reason, according to the administrative judge's summary of the testimony, "that the conditional job offer to [Mr. Horton] was revoked once the agency became aware that he had been terminated during his probationary period at the El Toro Marine Corps Station."

Mr. Horton argues that he was removed for whistleblowing, based on the various complaints he had previously lodged with the persons involved, and disclosed in his letter of May 17, 1990. He sought corrective action from the Office of Special Counsel, a step required for persons such as probationary employees who have no right of appeal to the Board absent a prohibited personnel practice. See 5 U.S.C. § 1214(a)(3). The Office of Special Counsel conducted an investigation and denied relief. Mr. Horton then brought an individual right of action appeal to the Board, in accordance with 5 U.S.C. § 1221:

**5 U.S.C. § 1221(a) Individual right of action in certain reprisal cases.**

(a) Subject to the provisions of subsection (b) of this section and subsection 1214(a)(3), an employee, former employee, or applicant for employment may, with respect to any personnel action taken, or proposed to be taken, against such employee, former employee, or applicant for employment, as a result of prohibited personnel practice described in section 2302(b)(8), seek corrective action from the Merit Systems Protection Board.

The Board held that no protected disclosure was made, and therefore that there was no prohibited personnel practice, and that neither *282 the action at El Toro nor at Iwakuni was appealable to the Board.

A

[1][2] Reprisal against an employee for whistleblowing is prohibited by statute. 5 U.S.C. § 2302(b)(8) provides in pertinent part:

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 F.3d 279

66 F.3d 279

(Cite as: 66 F.3d 279)

**5 U.S.C. § 2302(b)** Any employee who has the authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority--

**(8)** take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee or applicant for employment because of--

**(A)** any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences--

(i) a violation of any law, rule or regulation, or

(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety....

Probationary employees are entitled to this statutory protection, *Eidmann v. Merit Systems Protection Board,* 976 F.2d 1400, 1407 (Fed.Cir.1992), as are applicants for employment. The burden of showing that a protected disclosure was made is upon the employee.

[3][4] Mr. Horton states that he made four protected disclosures before the termination action was initiated on May 16, 1990. The Board found that Mr. Horton's three verbal disclosures made before his May 17 letter were not "whistleblowing" in terms of 5 U.S.C. § 2302(b)(8). We agree that these actions were not the "disclosure" contemplated by statute, for these criticisms were made directly to the persons about whose behavior Mr. Horton complained, ostensibly for disciplinary or corrective purposes. The purpose of the Whistleblower Protection Act is to encourage disclosure of wrongdoing to persons who may be in a position to act to remedy it, either directly by management authority, or indirectly as in disclosure to the press. Criticism directed to the wrongdoers themselves is not normally viewable as whistleblowing.

[5] Similarly, the Board held that Mr. Horton's written reply to the Librarian's Letter of Caution early in his employment was not whistleblowing, although the Librarian was his supervisor, for the reply simply related Mr. Horton's version of the events about which he had been cautioned. The issue before the Board was not whether the

Librarian had justifiably cautioned Mr. Horton; it was whether his reply was a protected disclosure. We agree that it was not.

[6] Mr. Horton's first communication to officials outside the Library was his May 17 letter, sent the day after his removal was initiated. The administrative judge found that Mr. Horton's motivation in writing the letter was primarily an attempt to "shift blame, create discord, and evade imminent disciplinary action," and held on this ground that relief was not warranted. The administrative judge relied on *Fiorillo v. Department of Justice,* 795 F.2d 1544 (Fed.Cir.1986), wherein this court held that in order to be protected under the Whistleblower Protection Act the employee's primary motivation for making the disclosure must be a desire to inform the public, and not for vindictiveness or personal advantage.

The Board, reviewing the administrative judge's decision, pointed out that *Fiorillo* was overruled by Congressional action in 1988. The legislative history of that enactment explains:

In *Fiorillo v. Department of Justice,* 795 F.2d 1544, 1550 (Fed.Cir.1986), an employee's disclosures were not considered protected because the employee's "primary motivation" was not for the public good, but rather for the personal motives of the employee. The court reached this conclusion despite the lack of any indication in CSRA that an employee's motives are supposed to be considered in determining whether a disclosure is protected.

The Committee intends that disclosures be encouraged. The OSC, the Board and the courts should not erect barriers to disclosures which will limit the necessary \*283 flow of information from employees who have knowledge of government wrongdoing.

S.Rep. No. 413, 100th Cong., 2d Sess. 12-13 (1988). The Board thus eliminated the principal ground on which the administrative judge had relied in finding that Mr. Horton was not entitled to whistleblower status. The Board observed that Mr. Horton's disclosures in his May 17 letter, *e.g.* the frequent sleeping of employees on the job, falsification of time cards, and instances of gross

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 F.3d 279

66 F.3d 279

(Cite as: 66 F.3d 279)

mismanagement, "involve matters specified in section 2302(b)(8)." However, the Board found that these disclosures were not "based upon a reasonable belief of illegal activity or gross mismanagement," and thus did not meet all of the criteria of § 2302(b)(8). The Board appears to have reached this conclusion based primarily on the Board's view of the seriousness of the reported wrongdoing.

[7] The statute requires only that the whistleblower had a reasonable belief that, for example, a rule or regulation had been violated, in order for the disclosure of such violations to be protected. Indeed, the Board's finding that the reported violations were "trivial" supports a reasonable belief on the part of Mr. Horton that violations in fact occurred. We take note that the evidence was mixed concerning the substance of the matters disclosed. For example, the library staff member admitted to the personal phone call that was the subject of the May 16 incident. The Board did not review this evidence from the viewpoint of Mr. Horton's "reasonable belief," but instead found that this single incident could not reasonably be viewed as wrongdoing. However, Mr. Horton's May 17 letter was not directed to a single phone call, but to a practice of excessive personal calls during work periods. Whether or not the reported violations were trivial, in the Board's view, does not deprive the discloser of the benefit of having made a protected disclosure.

[8] The Board did hold that Mr. Horton's May 17 letter recited violations of rules or regulations and lapses of managerial responsibility which, on their face, are covered by § 2302(b)(8). The question before the Board was not whether there was in fact governmental wrongdoing; the question was whether Mr. Horton could have had a reasonable belief that there was. The Board apparently gave weight to the administrative judge's conclusion that Mr. Horton was not a credible witness. Mr. Horton's credibility is indeed relevant in determining his reasonable belief. However, in this case the administrative judge's credibility determination was intertwined with the finding that Mr. Horton's motivation was personal and vindictive. When the Board reversed, as a matter

of law, the administrative judge's reliance on Mr. Horton's motivation, the accompanying credibility determination lost its support.

Applying the correct law, in light of the policy stressed by Congress upon overruling this court's holding in *Fiorillo,* we conclude that the Board's ruling that Mr. Horton could not have had a reasonable belief of wrongdoing was not supported by substantial evidence. Thus Mr. Horton's May 17 letter must be viewed as a protected disclosure.

*B*

[9] The employee must also show that the protected disclosure was "a contributing factor" in the adverse action:

5 U.S.C. § 1221(e)(1) Subject to the provisions of paragraph (2), in any case involving an alleged prohibited personnel practice as described under section 2302(b)(8), the Board shall order such corrective action as the Board considers appropriate if the employee, former employee, or applicant for employment has demonstrated that a disclosure described under section 2302(b)(8) was a contributing factor in the personnel action which was taken or is to be taken against such employee, former employee, or applicant. The employee may demonstrate that the disclosure was a contributing factor in the personnel action through circumstantial evidence, such as evidence that--

(A) the official taking the personnel action knew of the disclosure; and

(B) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure *284 was a contributing factor in the personnel action.

(2) Corrective action under paragraph (1) may not be ordered if the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure.

The employee's showing that the disclosure was a contributing factor must be made by a preponderance of the evidence, and the agency's affirmative defense must be established by clear and convincing evidence. 5 C.F.R. § 1209.7.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[10] In *Clark v. Department of the Army*, 997 F.2d 1466 (Fed.Cir.1993), *cert. denied*, 510 U.S. 1091, 114 S.Ct. 920, 127 L.Ed.2d 214 (1994), this court held that the circumstantial evidence of an adverse personnel action taken soon after a protected disclosure was made, was insufficient to establish a *prima facie* case of reprisal. *Clark* was expressly overruled by Act of Congress, effective October 29, 1994, in Pub.L. No. 103-424, § 14, codified at 5 U.S.C. § 1221(e)(1)(A) and (B), *see supra*. Thus the circumstantial evidence of knowledge of the protected disclosure and a reasonable relationship between the time of the protected disclosure and the time of the personnel action will establish, *prima facie*, that the disclosure was a contributing factor to the personnel action. Although the Board's decision was made before *Clark* was overruled, we apply the law as it now stands.

It was established that the action to remove Mr. Horton was initiated on May 16, the day before the May 17 letter was written. Mr. Horton admitted that he knew that disciplinary action was being taken, when he made the May 17 disclosure. Since the May 17 disclosure can not have been a contributing factor to the action already initiated, this requirement of 5 U.S.C. § 1221(e)(1) was not met. The Board's denial of Mr. Horton's individual right of action appeal from the separation during his probationary period at El Toro must be affirmed.

### C

[11] Mr. Horton also argues the merits of his termination at El Toro. However, absent appeal rights deriving from 5 U.S.C. § 2302(b)(8), Mr. Horton as a probationary employee has no right to appeal the merits of the termination action other than on the narrow grounds of 5 C.F.R. § 315.806 (appeal permitted when adverse action was based on marital status, partisan political reasons, or certain pre-employment conditions). No such ground is here asserted.

### D

Following Mr. Horton's termination at El Toro, the conditional offer of a comparable position at Iwakuni was withdrawn. Mr. Horton states that the wrongful termination at El Toro prejudiced his transfer to Iwakuni, and that wrongful communication of his whistleblowing was the reason for withdrawal of the Iwakuni offer. We have concluded that the termination at El Toro was not wrongful, in that Mr. Horton's protected disclosure was not a contributing factor to the termination action. However, we consider whether this disclosure was a contributing factor in the Iwakuni action.

The administrative judge found that "the conditional offer was withdrawn solely because the selecting officials at Iwakuni, Japan, were properly notified that appellant had been terminated for post-appointment reasons from his position at El Toro, California." Iwakuni officials testified before the administrative judge, as did Mr. Horton and other witnesses. There was no evidence to support a finding of either actual or constructive knowledge by the Iwakuni officials of Mr. Horton's May 17 letter. Iwakuni officials testified that the offer was withdrawn because Mr. Horton had been terminated for inadequate performance during his probationary period at El Toro. It was not improper for the Iwakuni officials to have been told of this termination. The testimony of the Iwakuni officials was found by the administrative judge to be credible, *see Hambsch v. Department of the Treasury*, 796 F.2d 430, 436 (1986) (credibility determinations are virtually unreviewable on appeal), and was not contradicted. The Board found that there was clear and convincing evidence, even assuming that whistleblower status had been *285 established, that the agency would have taken the same action. These findings meet the legal requirements of 5 U.S.C. § 1221(e)(1) and (2).

We discern substantial evidence, on appellate review, in support of the Board's decision. The Board's decision in Appeal No. 94-3332 is affirmed.

### II

[12] On May 18, 1990 the United States Coast Guard Academy in New London, Connecticut announced the position of Librarian. Mr. Horton applied. On July 17, 1990 another candidate was selected. Mr. Horton sought remedial action from the Office of Special Counsel, stating that the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

66 F.3d 279

66 F.3d 279

(Cite as: 66 F.3d 279)

Librarian at El Toro had made "reprisal statements" against him and had provided the Coast Guard Academy with "constructive knowledge of protected disclosures." The Office of Special Counsel declined to act, and Mr. Horton brought an Individual Right of Action appeal.

The administrative judge found that Mr. Horton had not provided information in support of his allegations. Mr. Horton did not respond to a subsequent order of the full Board, which then held that Mr. Horton was precluded from raising a whistleblower claim. There was insufficient direct or circumstantial evidence to establish a *prima facie* case of reprisal. We also note that Mr. Horton was next on the selection register: an action inconsistent with reprisal. The record contains the Coast Guard Referral and Selection Register dated July 13, 1990; the Register lists five candidates, with Mr. Horton ranked third in preference. The notation "declined" was written next to the name of the first-ranked candidate. The second-ranked candidate accepted the position, the document recording the following reasons for the selection: "Had the most relevant experience. Also had the most experience of any candidate. Experience in instruction was particularly strong." Mr. Horton does not argue that he was better qualified for the position than the candidate selected.

Thus the Board's decision in Appeal No. 94-3355 must be affirmed.

*AFFIRMED.*

NIES, Circuit Judge, concurring in result.

I do not agree that the May 17, 1990, letter constitutes a protected disclosure. The first seven pages of the eight-page letter contain only complaints about Horton's coworker's actions on May 16, 1990. The disclosures relied on by the majority, which appear on the last page of that letter, are conclusory and entirely unsupported with any facts.

I agree with the Board's analysis of the record evidence and its conclusion that the evidence failed to support a finding that the appellant reasonably believed that his disclosure evidenced any of the situations recited in 5 U.S.C. § 2302(b)(8).

66 F.3d 279

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.