UNITED STATES DISTRICT COURT
FOR THE DISTRICT NEW JERSEY
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 SEP -6  P  4: 18

| | |
|---|---|
| John D. Horton<br>    Plaintiff,<br><br>       v.<br><br>Ross University School of Medicine<br>  et al.<br>       Defendants. | Civil Action No.  04-5658 (JAG) |

### PLAINTIFF'S OBJECTION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DATED AUGUST 15, 2005 AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT AND/OR APPOINTMENT OF COUNSEL

COMES NOW the plaintiff in the above entitled case objecting to the

defendant's Motion for Summary Judgment dated August 15, 2005 and the

plaintiff cross moves this court for summary judgment against the defendant or

for the appointment of counsel for the plaintiff.

AND IN support thereof the plaintiff shows:

The plaintiff is an Hispanic minority male over the age of 40 years and is

covered by Title VII of the Civil Right Act of 1964.

By its own admission, the defendant offered the plaintiff an interview if

not practically hiring the plaintiff for the position of Library Director at its Dominica

campus.

Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

**- 1 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

Rios to Horton:  "I would like you [Horton] to be with us as soon as you can schedule it."[1]

Rios to Fried:  "Lets try to bring him [Horton] on a Sunday, for interview/house search [to the island of Dominica, a 4,000 mile trip from Seattle, Washington] on Monday and Tuesday and leave Wed."[2]  Obviously from this statement alone, Rios planned to offer the plaintiff the position.  Who would say to a third party 'lets have the applicant look for a house' unless the interviewer were planning on offering the applicant the position.

Rios to Fried:  "Michelle this [i.e. Horton] is a good Library Candidate so can we schedule his trip."[3]

Rios to Fried:  "I [Rios] am used to deal with very different people and indeed he has the most experienced CV ….  I would like to avoid a long void between Elizabeth [previous librarian] departure and a replacement we need to proceed."

As can plainly be seen by the above representations of defendant Rios to defendant Fried and the plaintiff, Rios clearly planned on seeing the plaintiff and but for the wrongful anti-EEO intervention of Fried, the plaintiff would have been interviewed for the position and hired.

---

[1] Email of Rios to Horton dated January 21, 2003, Exhibit 8 to "Certification of Kathleen M. Connelly, Esq. In Support of Motion for Summary Judgment" for defendant.  Name in brackets is provided by the plaintiff for the purpose of identification.
[2] Email of Rios to Fried dated January 22, 2003, Exhibit 9 to "Certification of Kathleen M. Connelly, Esq. In Support of Motion for Summary Judgment" for defendant.  The information in brackets is provided by the plaintiff for the purpose of identification.
[3] Email of Rios to Fried dated January 22, 2003, Exhibit 9 to "Certification of Kathleen M. Connelly, Esq. In Support of Motion for Summary Judgment" for defendant.  The name in brackets is provided by the plaintiff for the purpose of identification.

Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ  07102-3595

**- 2 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ  08041-0007

It will also be noticeable that Rios never stated any complaint against the plaintiff, was fully satisfied with the plaintiff and offered the plaintiff an opportunity to interview for the position. It was only the white female Fried who incessantly nagged Rios about her not wanting another colored male over the age of 40 years on the staff that forced Rios to cancel the interview he had made.

Under the Federal Rules of Civil Procedure (FRCP), any party may move for summary judgment with or without supporting affidavits. The motion is decided after a hearing and after the party opposing the motion has been given a chance to serve opposing affidavits.[4]

Summary judgment will be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, submitted, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[5] There are several genuine issues of material fact in this case: Why was Rios harassed and intimidated by Fried into dumping the only Hispanic minority male candidate over the age of 40 years of age? Did Fried find any basis to complain about the candidate [Murphy, a white female] that was ultimately selected? Did Fried complain about Murphy's speech pattern or accent or was Fried only offended by the accent of an Hispanic minority male applicant such as the plaintiff?

The initial burden of showing the absence of a genuine issue of material fact falls on the moving party. In the instant case, this burden has not been met.

---

[4] FRCP 56(c).
[5] FRCP 56(c).

Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

**- 3 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

In the instant case, the defendant's alleged that they had run out of money, and although they offered the plaintiff a trip to Dominica to interview for the position, they had run out of money.  This is and was a plan lie and shows the deceitful, dishonest, lying and untrustworthy nature of the defendants.  As they have lied about this matter it is clearly apparent that they are lying about other matters. This raises a genuine issue of material fact as to their defenses and their credibility.

Once that burden is met, the opposing party must come forward with specific facts, not allegations, to show that a genuine factual issue remains for trial.[6]  In the instant case, the plaintiff has shown that he was selected for an interview and therefore, in the ideas of the selecting and deciding official (Rios), he was qualified for the position.  It is only through the wrongful and manipulative interferences of the treacherous white female,  Fried, who continually harassed Rios into dumping the candidacy of the plaintiff because she did not want another Hispanic minority male over the age of 40 working for the school.

In the instant case, the defendant's  burden has not been met.  Facts in support of a motion for summary judgment must be more than persuasive.  They must establish that the other party cannot recover under any "discernible" circumstances.[7]

When a motion for summary judgment is made by defendants and supported by affidavits, the plaintiffs may not rest upon mere allegations or

---

[6] De Horney v. Bank of America Nat'l Trust & Sav. Asso., 879 F.2d 459 (9th Cir. 1989).
[7] Shields v. Grocers Supplyl Co., 568 F. Suppl 61 (SD Tex. 1983).

Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ  07102-3595

**- 4 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ  08041-0007

denials in their pleadings.  Instead, the plaintiffs must, by affidavits or otherwise,

set forth specific facts showing that there is a genuine issue for trial.[8]  However,

the motion may still be denied, despite the fact that the opponent merely rested

on the pleadings, if the movant's submission does not resolve all factual issues.[9]

 In evaluating a motion for summary judgment, a court must give the party

opposing the motion the benefit of all reasonable inferences, but not every

conceivable inference, which may be drawn from the underlying facts.[10]

**Notice and Hearing**

 The Seventh Circuit has held that all pro se litigants are entitled to notice

of the consequences of failing to respond to a summary judgment motion.  This

notice should include both the text of FRCP 56(e) and a short, plain statement in

ordinary English that facts asserted in the other party's affidavits will be taken as

true by the District Court unless they are contradicted with affidavits or other

documents.[11]

 A trial court's failure to provide a party with notice of and an opportunity to

respond to a motion for summary judgment deprives the court of authority to

enter a summary judgment order.  When a summary judgment order has been

entered under those circumstances, it is appropriate to remand the matter in

order to provide the proper notice and opportunity to respond.[12]

---

[8] Roach v. Kligman, 412 F. Supp. 521 (ED Pa. 1976).
[9] Boazman V. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir. 1976).
[10] Parker v. Federal Nat'l Mortg. Asso., 741 F.2d 975 (7th Cir. 1984).
[11] Timms v. Frank, 953 F.2d 281 (7th Cir. 1992).
[12] Graham v. Oklahoma City, 859 F.2d 142 (10th Cir. 1988).

Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ  07102-3595

**- 5 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ  08041-0007

While Rule 56(c) provides for a hearing, a court may enter summary judgment under FRCP 56(c), without holding an oral hearing. The parties' right to be heard may be satisfied by the court's review of the briefs and supporting affidavits and materials, provided nothing in the record suggests that the issues and evidence presented could not be adequately addressed in this fashion.[13]

### Suitability of Summary Judgment on Defense Motion, Generally

Summary disposition of Title VII cases is generally not favored.[14] Furthermore, certain types of cases are clearly inappropriate for summary judgment, such as:

--where factual disputes exist;[15]

--where the defendant is claiming laches, which suggests unresolved issues as to the length of the plaintiff's delay and the existence of prejudice to the defendant;[16]

--where the veracity of witnesses is crucial;[17]

--where issues of motive or intent are involved.[18]

In the instant case, the issue and motive of Fried in harassing and manipulating Rios into canceling the plaintiff's job interview based on some

---

[13] Geear v. Boulder Community Hospital 844 F.2d 764 (10th Cir. 1988).
[14] 4th Circuit—Logan v. General Fireproofing Co., 521 F.2d 881 (4th Cir. 1971),
    7th Circuit—Cedillo v. Int'l Ass'n of Bridge & Structural Iron Workers, 603 F.2d 7 (7th Cir. 1979),
    DC Circuit—Sibley Memorial Hospital v. Wilson, 488 F.2d 1338 (DC Cir. 1973).
[15] Abraham v. Graphic Arts International Union, 660 F.2d 811 (DC Cir. 1981).
[16] Fannie v. Chamberlain Mfg. Corp., Derry Div., 445 F. Supp. 65 (WD Pa. 1977).
[17] Seymour v. Reader's Digest Asso., 493 F. Supp. 275 (SD NY 1980).
[18] EEOC v. Southwest Texas Methodist Hospital, 606 F.2d 63 (5th Cir. 1979), cert. denied, 445 U.S. 928, reh. den., 446 U.S. 974; Jones v. Western Geophysical Co., 669 F.2d 280 (5th Cir. 1982), appeal after remand, 761 F.2d 1158; Romero v. Union P. Railroad, 615 F.2d 1303 (10th Cir. 1980).

Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

- 6 -

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

mysteries and bizarre "feelings" that Fried, must be resolved.  Clearly, the

"feelings" that Fried was having was that she did not want another Hispanic,

minority male over the age of 40 clouding up her lily white school.

### Where genuine issues of fact exist

When there is a genuine issue as to some material fact or facts in the

case, summary judgment is inappropriate.  For example, summary judgment was

not granted to defendants where:

--the plaintiff alleged that because of her age and national origin, the

employer had intentionally withheld notice of an examination that would have

enable her to obtain full-time civil service employment if she had passed, and

although examination announcements were usually posted, it had not been

established that the announcement for the particular test at issue had in fact

been posted or that the plaintiff had received notice of the examination from any

other source.[19]

--the motion was based on defendants' unsupported contention that the

plaintiff's Title VII sex discrimination suit was time, because it had been filed one

year after the date stamped on the plaintiff's right-to-sue notice, but the plaintiff

had alleged timely filing from her receipt date;[20]

--the motion would have resulted in a finding that the defendant OFCCP's

closure of telephone company employees' cases under 29 U.S.C. § 793 was not

---

[19] Marcellus v. San Francisco, 751 F.2d 390 (9th Cir. 1984).
[20] Giannotti v. Foundry Care, 582 F. Supp. 503 (DC Conn. 1984).

Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ  07102-3595

**- 7 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ  08041-0007

arbitrary or capricious, even though the case records were incomplete and revealed an inadequate investigation of the claimants' charges.[21]

Furthermore summary judgment was inappropriate because of the existence of disputed facts where:

--the motion was made by female class plaintiffs after they were found to be victims of discrimination in hiring, but before the hearings on damages, where, depending on the number claims yet to filed, classwide, as opposed to individual, relief could still have been necessary, and genuine issues of material fact remained regarding the proper expense factor and one class member's mitigation or damages;[22]

--in an ADA case alleging constructive discharge, the defendants' motion was based on the premise that each incident the plaintiff complained of did not by itself amount to a condition so difficult or unpleasant as to support the claim, and all the events could be viewed as part of a single behavioral pattern on the part of the defendant, and found that the constructive discharge was still a genuine issue;[23]

--a union denial that an individual defendant had been its president and, therefore its agent at the time of the alleged discriminatory event conflicted with

---

[21] Communications Workers of America v. Donovan, 37 BNA FEP Cas 1362, 38 CCH EPD ¶ 35733.

[22] Kraszewski v. State Farm General Ins. Co., 41 BNA FEP Cas 1088, 40 CCH EPD ¶ 36397, reconsideration den., LEXIS 7775 (ND Cal. 1990), aff'd in part and rev'd in part on other grounds, 912 F.2d 1182 (9th Cir.), cert. denied, 499 U.S. 947.

[23] Calhoun v. Acme Cleveland Corp., 798 F.2d 559 (1st Cir. 1986).

Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ  07102-3595

John D. Horton
PO BOX 7
JOBSTOWN NJ  08041-0007

the affidavits of the Title VII plaintiff and two other employees that stated that the individual had been the local's president at the relevant time.[24]

Once evidence of inconsistencies has been presented, throwing an employer's credence into doubt, the employer may not obtain summary judgment unless it can show no factual dispute exists because the employee will not be able to provide either direct or indirect evidence of a discriminatory purpose. In the instant case, the plaintiff was offered an interview, the plaintiff accepted the interview, the plaintiff detrimentally relied on the accepted offer of the interview and cancelled another employment interview and it is only through the anti-EEO animus of Fried that Rios was harassed and manipulated into canceling the interview and then lying about the reason for the cancellation (i.e. the University is broke and can't afford to conduct the interview). Thus, if was improper to have granted summary judgment to an employer where its former employee had provided some evidence that his supervisors did not blame him for the poor results in his last three jobs which contradicted the employer's claim that the same supervisors were dissatisfied with his work.[25]

The plaintiff may survive a summary judgment motion if, having presented a prima facie case, the plaintiff also produces sufficient evidence to raise a genuine issue of fact as to whether the employer's proffered reasons were not its true reasons for the challenged action, but instead are merely pretextual.[26] In the

[24] Wilson v. Myers, 823 F.2d 253 (8th Cir. 1987).
[25] Sorba v. Pennsylvania Drilling Co., 821 F.2d 200 (3d Cir. 1987).
[26] Sheridan v. E. I. Dupont de Nemours & Co., 70 BNA FEP Cas 98, 67 CCH EPD ¶ 8078 (3d Cir. 1996).

Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

**- 9 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

instant case, the plaintiff's proffered reason[27] for canceling the interview have been shown to be nothing but lies which caused the plaintiff to not only miss the interview with the defendant's school but with another school.

Even though courts may be hesitant to award summary judgment in job discrimination cases, both plaintiffs and defendants have succeeded in obtaining summary judgment where no material facts were in dispute.  For example, summary judgment for plaintiffs was granted where the plaintiffs relied almost entirely on data establishing a prima facie case, the date was secured by discovery from the employer's records, as well as from official government sources, and the defendant's argument that racial discrimination had been eliminated was not supported by comparable data.[28]  In the instant case, the plaintiff is entitled to summary judgment based on the defendant's anti-EEO animus.

### Cases Involving Motive and Intent

In job discrimination cases, courts are hesitant to grant summary judgment where issues of motive or intent are involved,[29] because in such cases, genuine issues of fact usually exist.[30]  For example, summary judgment was not proper

---

[27] The University told the plaintiff that they had exhausted their travel budget.

[28] McKenzie v. McCormick, 425 F. Supp. 137 (DC Dist. 1977).

[29] 5th Circuit—EEOC v. Southwest Texas Methodist Hospital, 606 F.2d 63 (5th Cir. 1979), cert. den., 445 U.S. 928, reh. den., 446 US.S. 947,
6th Circuit—De Priest v. Seaway Food Town, Inc., 543 F. Supp. 1355 (ED Mich. 1982),
9th Circuit—Gifford v. Atchison, T. & S. F. R. Co., 685 F.2d 1149 (9th Cir. 1982).

[30] Jones v. Western Geophysical Co., 669 F.2d 280 (5th Cir. 1982).

Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ  07102-3595

- 10 -

John D. Horton
PO BOX 7
JOBSTOWN NJ  08041-0007

where there existed genuine issues of material fact relating to defendant's

motives for discharging a black supervisor.[31]

### PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

COMES now the plaintiff, John D. Horton, by and through himself pro se

and moves this court for an order entering summary judgment in his favor.

AND IN SUPPORT thereof the plaintiff shows:

1.  Based on the affidavit of the plaintiff submitted below, that the plaintiff

is entitled to summary judgment in his favor as a matter of law.

2.  That no genuine issue of material fact exists between the plaintiff and

the defendant.

3.  That this case is an EEO discrimination in employment complaint and a

contract enforcement proceeding.

WHEREFORE, the plaintiff prays that summary judgment be entered in

his favor.

### PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

I, John D. Horton, do hereby declare:

1.  The plaintiff is an Hispanic minority male over the age of 40 years.

2.  The plaintiff was offered an interview in Dominica for the position of
librarian by the defendant Rios.

3.  Rios ordered Fried to make travel arrangements for the plaintiff.

---

[31] Flowers v. Abex Corp., 580 F. Supp. 1230 (ND Ill. 1984).

Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ  07102-3595

John D. Horton
PO BOX 7
JOBSTOWN NJ  08041-0007

4. Fried did not want another Hispanic male over the age of 40 years working for the University.

5. Fried pressured and harassed Rios into canceling the interview and concocting a lie to cover up the real reasons for the cancelled interview, namely, Fried's anti-EEO bias.

6. The plaintiff detrimentally relied on the timetable of the proffered interview and cancelled an interview he had scheduled for another school.[32]

7. But for Fried's anti-EEO bias, the defendant would have interviewed for the subject position and been offered the subject position.

8. Fried's anti-EEO bias resulted in the plaintiff's scheduled interview to be cancelled based on the lie that the school had run out of travel money and a second lie which was that the interview was going to be rescheduled to a future date.

9. The plaintiff missed a scheduled interview with a school in the Seattle area because of Fried's anti-EEO actions.

10. The court should appoint counsel to represent the plaintiff as is provided by Title VII.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: August 31, 2005

John D. Horton

---

[32] Library Director, Renton Technical College, Renton WA

Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ 07102-3595

**- 12 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ 08041-0007

**PRAYER**

WHEREFORE, the plaintiff prays that the defendant's Motion for

Summary Judgment be denied and that the Plaintiff's Cross Motion for Summary

Judgment be granted and that the relief sought in the complaint be granted.


DATED:  August 31, 2005

John D. Horton

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing paper was mailed via United States Postal
Service First Class mail, postage prepaid, on the date indicated below to the
addressees listed below.

John H. Schmidt
PO BOX 2369
WESTFIELD NJ 07091-2369


DATED:  August 31, 2005

John D. Horton


Plaintiff's Obj to D M for Summary Judgment
Horton v. Ross University, # 04-5658 (JAG)
United States District Court
for the District Of New Jersey
50 WALNUT ST RM 4015
NEWARK NJ  07102-3595

**- 13 -**

John D. Horton
PO BOX 7
JOBSTOWN NJ  08041-0007