**LINDABURY**
McCormick & Estabrook, P.A.
Attorneys at Law

908-301-5607
jschmidt@lindabury.com

September 13, 2005

Honorable Joseph A. Greenaway, Jr., U.S.D.J.
United States District Court
Martin Luther King Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    **John D. Horton v. Ross University School of Medicine**
              **Civil Action No. 04-5658(JAG)**

Dear Judge Greenaway:

      Please accept this letter memorandum in lieu of a more formal brief in reply to Plaintiff's opposition to the pending motion for summary judgment filed on behalf of the defendants, Ross University School of Medicine, Jorge Rios, M.D. and Michelle Fried.

      In opposition to Defendants' Motion for Summary Judgment, Plaintiff argues that summary judgment is inappropriate, since there are issues of material facts that need to be resolved. In further support of that argument, Plaintiff attempts to create factual issues with the filing of his own "Affidavit in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment."

      It is respectfully submitted, however, that the Court should disregard the "Plaintiff's Affidavit in Opposition to Defendants' Motion for Summary Judgment and in Support of

Honorable Joseph A. Greenaway, Jr., U.S.D.J.
September 13, 2005
Page 2

Plaintiff's Cross-Motion for Summary Judgment." That Affidavit is replete with Plaintiff's arguments and impressions couched as allegations of fact, but which are not supported by plaintiff's attestation of personal knowledge or other factual discovery.[1]

Plaintiff conducted no discovery in this litigation. He did not submit interrogatories to be answered by the Defendants; he did not submit requests for admissions to be answered by the Defendants, and he did not take the deposition of any Defendant or witness. Notwithstanding Plaintiff's lack of effort in discover, he makes the following assertions in his affidavit under the guise of being "factual":

1. Fried did not want another Hispanic male over the age of 40 years working for the University.

2. Fried pressured and harassed Rios into canceling the interview and concocting a lie to cover up the real reasons for the cancelled interview, namely, Fried's anti-EEO bias.

3. But for Fried's anti-EEO bias, the defendant would have interviewed for the subject position and been offered the subject position.

4. The Plaintiff missed a scheduled interview with a school in the Seattle area because of Fried's anti-EEO actions.

There is neither testimony nor other attested statements from Rios, Fried or others to support the assertion that Rios was "pressured and harassed" by Fried. There is neither

---

[1] The Affidavit submitted by the Plaintiff does not state that the statements are based upon his own, personal knowledge. Nor does it indicate any other source for Plaintiff's knowledge of the alleged "factual assertions."

testimony nor other attested statements from anyone that Fried harbored a bias towards individuals of Hispanic origin.[2] Plaintiff's Affidavit is insufficient to establish these "material facts," since he cannot testify about a third party's mental or emotional feelings or opinions. Similarly, Plaintiff cannot attest to conduct that he did not witness or have any other personal knowledge. And again, there is absolutely nothing in the record to support Plaintiff's statement that he would have been offered a job with Ross University.

Plaintiff also contends that as a result of the action of Ross University in canceling his interview, he was forced to forego another interview with a school located in the Seattle, Washington area. That factual situation was explored during the Plaintiff's deposition and is misleading. As Plaintiff testified[3], although he declined the offer of an interview with the Seattle school, he never attempted to reschedule that interview. Moreover, Plaintiff acknowledged that he had accepted a job offer from the Veterans Health Administration Medical Center in Philadelphia in January or early February 2003. He was scheduled to commence and, in fact, did commence his employment with the Veterans Health Administration Medical Center in February 2003, presumably before he sent a revised resume to Ross University on February 18, 2003 indicating that he was employed by the Veterans Health Administration Medical Center.

This Court should also disregard Plaintiff's assertions of being a dark skinned, colored male who spoke with a Hispanic accent. There is absolutely no evidence submitted to the Court substantiating those factual assertions. The Plaintiff does not make such factual assertions in his

---

2 As stated in the initial papers filed in this matter, plaintiff's assertions of being Hispanic for Title VII purposes are questionable, since only one of his grandparents was Hispanic.
3 Factual substantiation for these statements are found at paragraphs 17 through 22 of Defendants' L. Civ. R. 56.1 Statement previously filed with the Court.

Honorable Joseph A. Greenaway, Jr., U.S.D.J.
September 13, 2005
Page 4

Affidavit filed with the Court. Moreover, the Certification of Paul H. Mazer makes clear that Plaintiff is not dark skinned and that he does not speak with a Hispanic accent. In addition to the foregoing, the Court should take note of the fact that Plaintiff and Ms. Fried never meet; they only spoke over the telephone. As such, Ms. Fried would have had no knowledge of the "color" of Plaintiff's skin.

Notwithstanding Plaintiff's arguments that there are issues of material fact that need to be resolved at trial, Plaintiff also asserts that based upon his Affidavit there is "no genuine issue of material fact exists between the plaintiff and the defendant." (page 11 of Plaintiff's Brief). Although alternative legal arguments are often to the Court, it is submitted that the Court should not give credence to alternative arguments regarding the existence of issues of material fact.

Based upon the foregoing, it is respectfully submitted that Plaintiff has failed to create any issues of material fact that would make this matter inappropriate for summary judgment. Moreover, it is further submitted that Plaintiff has failed to bring any facts to the attention of this Court that would warrant the denial of Defendants' pending motion. Defendants should be granted summary judgment.

                              Respectfully Submitted,
                    LINDABURY, McCORMICK & ESTABROOK
                            Attorneys for Defendants

                                    *s/John H. Schmidt, Jr* .
                                      John H. Schmidt, Jr. (JS-1451)

cc: John Horton